## CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY ET AL. *v.* WARD.

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 198.   Submitted January 28, 1920.—Decided March 1, 1920.

The Federal Employers' Liability Act places a co-employee's negligence, when the ground of the action, in the same relation as that of the employer as regards assumption of risk. P. 22.

It is inaccurate to charge without qualification that a servant does not assume a risk created by his master's negligence, the rule being otherwise where the negligence and danger are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them. P. 21.

But the defense of assumed risk is inapplicable when the injury arises from a single act of negligence creating a sudden emergency without warning to the servant or opportunity to judge of the resulting danger. P. 22.

Where a switchman, when about to apply the brake to stop a "cut" of freight cars was thrown to the ground by a jerk due to delay in uncoupling them from a propelling engine when the engine was slowed, *held*, that he had a right to assume that they would be uncoupled at

the proper time, as usual, and did not assume the risk of a co-employee's negligent failure to do so. *Id.*

The error of a charge that contributory negligence will prevent recovery in an action under the Federal Liability Act, being favorable to defendants, does not require reversal of a judgment against them. P. 23.

The Seventh Amendment does not forbid a jury of less than twelve in a case under the Federal Employers' Liability Act tried in a state court. *Id. St. Louis & San Francisco R. R. Co.* v. *Brown*, 241 U. S. 223.

68 Oklahoma, ——, affirmed.

THE case is stated in the opinion.

*Mr. R. J. Roberts, Mr. W. H. Moore, Mr. Thomas P. Littlepage, Mr. Sidney F. Taliaferro* and *Mr. W. F. Dickinson* for petitioners. *Mr. C. O. Blake* and *Mr. John E. Du Mars* were on the brief.

*Mr. W. S. Pendleton* for respondent. *Mr. T. G. Cutlip* was on the brief.

MR. JUSTICE DAY delivered the opinion of the court.

Suit was brought in the Superior Court, Pottawatomie County, Oklahoma, against the Chicago, Rock Island & Pacific Railway Company and A. J. Carney to recover damages for injuries alleged to have been received by Ward while he was employed as a switchman of the railway company in its yards at Shawnee. He recovered a judgment which was affirmed by the Supreme Court of Oklahoma, 68 Oklahoma, ——. The ground upon which recovery was sought against the railway company and Carney, who was an engine foreman, was that Ward, while engaged in his duty as a switchman, was suddenly thrown from the top of a box car upon which he was about to apply a brake. The petition alleged, and the testimony tended to show, that Ward was engaged as a switch-

man on a cut of cars which it was the duty of the engine foreman to cut loose from the engine pushing the cars in order that Ward might gradually stop the cars by applying the brake. It appears that at the time of the injury to Ward, the cut of cars had been pushed up an incline by the engine, over an elevation, and as the cars ran down the track the effect was to cause the slack to run out between them permitting them to pull apart sufficiently to be uncoupled, at which time it was the duty of the engine foreman to uncouple the cars. The testimony tended to support the allegations of the petition as to the negligent manner in which this operation was performed at the time of the injury, showing the failure of the engine foreman to properly cut off the cars at the time he directed the engineer to retard the speed of the engine, thereby causing them to slow down in such manner that, when the check reached the car upon which Ward was about to set the brake, he was suddenly thrown from the top of the car with the resulting injuries for which he brought this action.

The railway company and Carney took issue upon the allegations of the petition, and set up contributory negligence and assumption of risk as defenses. The trial court left the question of negligence on the part of the company and the engine foreman to the jury, and also instructed it as to assumption of risk by an employee of the ordinary hazards of the work in which he was engaged, and further charged the jury as follows:

"You are further instructed that while a servant does not assume the extraordinary and unusual risks of the employment yet on accepting employment he does assume all the ordinary and usual risks and perils incident thereto, whether it be dangerous or otherwise, and also all risks which he knows or should, in the exercise of reasonable care, know to exist. He does not, however, assume such risks as are created by the master's negligence nor such as are latent, or are only discoverable at

the time of the injury. The doctrine of an assumption of risk is wholly dependent upon the servant's knowledge, actual or constructive, of the dangers incident to his employment. Where he knew, or in the exercise of reasonable and ordinary care, should know the risk to which he is exposed, he will, as a rule, be held to have assumed them; but where he either does not know, or knowing, does not appreciate such risk, and his ignorance or nonappreciation is not due to negligence or want of due care on his part, there is no assumption of risk on the part of the servant preventing a recovery for injuries."

Treating the case, as the court below did, as one in which the injury occurred while the petitioners and respondent were engaged in interstate commerce, this charge as to the assumption of risk was not accurate, in stating without qualification that the servant did not assume the risk created by the master's negligence. We have had occasion to deal with the matter of assumption of risk in cases where the defense is applicable under the Federal Employers' Liability Act, being those in which the injury was caused otherwise than by the violation of some statute enacted to promote the safety of employees. As this case was not one of the latter class, assumption of risk was a defense to which the defendants below were entitled. *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492; *Jacobs* v. *Southern Ry. Co.,* 241 U. S. 229.

As to the nature of the risk assumed by an employee in actions brought under the Employers' Liability Act, we took occasion to say in *Chesapeake & Ohio Ry. Co.* v. *DeAtley,* 241 U. S. 310, 315: "According to our decisions, the settled rule is, not that it is the duty of an employee to exercise care to discover extraordinary dangers that may arise from the negligence of the employer or of those for whose conduct the employer is responsible, but that the employee may assume that the employer or his agents have exercised proper care with respect to his safety until

notified to the contrary, unless the want of care and the danger arising from it are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them." The Federal Employers' Liability Act places a co-employee's negligence, when it is the ground of the action, in the same relation as that of the employer upon the matter of assumption of risk. 241 U. S. 313. See also *Chesapeake & Ohio Ry. Co.* v. *Proffitt,* 241 U. S. 462, 468; *Erie R. R. Co.* v. *Purucker,* 244 U. S. 320.

Applying the principles settled by these decisions to the facts of this case, the testimony shows that Ward had neither warning nor opportunity to judge of the danger to which he was exposed by the failure of the engine foreman to cut off the cars. In the absence of notice to the contrary, and the record shows none, Ward had the right to act upon the belief that the usual method would be followed and the cars cut off at the proper time by the engine foreman so that he might safely proceed to perform his duty as a switchman by setting the brake to check the cars which should have been detached. For the lack of proper care, on the part of the representative of the railway company while Ward was in the performance of his duty, he was suddenly precipitated from the front end of the car by the abrupt checking resulting from the failure to make the disconnection. This situation did not make the doctrine of assumed risk a defense to an action for damages because of the negligent manner of operation which resulted in Ward's injury, and the part of the charge complained of though inaccurate could have worked no harm to the petitioners. It was a sudden emergency, brought about by the negligent operation of that particular cut of cars, and not a condition of danger, resulting from the master's or his representatives' negligence, so obvious that an ordinarily prudent person in the situation in which Ward was placed had opportunity to know and appreciate it, and thereby assume the risk.

The trial court also charged that contributory negligence by Ward would prevent a recovery. This charge was more favorable to the petitioners than they were entitled to, as under the Federal Employers' Liability Act contributory negligence is not a defense, and only goes in mitigation of damages. The giving of this charge could not have been prejudical error requiring a reversal of the judgment.

Another assignment of error, dealt with by the Supreme Court of Oklahoma, that a jury of less than twelve returned the verdict, conforming to the state practice, does not seem to be pressed here. In any event it is disposed of by *St. Louis & San Francisco R. R. Co.* v. *Brown*, 241 U. S. 223.

We find no error in the judgment of the Supreme Court of Oklahoma and the same is

*Affirmed.*