BALTIMORE AND OHIO SOUTHWESTERN RAILROAD
COMPANY *v.* WHEELER, ADMINISTRATRIX.

[No. 10,420. Filed November 17, 1920. Rehearing denied March 16, 1921.]

1. APPEAL.—*Questions Presented.—Ruling on Motion to Require Statement of Facts.—Absence of Memorandum.*—Where a motion to require plaintiff to state facts to sustain certain conclusions in the complaint was not accompanied by a memorandum as required by §5 of the Acts of 1917 p. 523 (§691a *et seq.* Burns' Supp. 1918), no question is presented for review as to the overruling of the motion. p. 193.

2. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employers' Liability Act.—Action.—Practice.—Law of Forum.*—The federal Employers' Liability Act (§8657 *et seq.* U. S. Comp. Stat. 1918, 35 Stat. at L. 65), having conferred on state courts a jurisdiction concurrent with that of the federal courts in actions under the statute, and having made no regulation of the practice, the practice in actions in the state courts is regulated by the law of the forum. p. 194.

3. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employers' Liability Act.—Complaint.—Sufficiency.—Pleading Conclusions.*—In view of §343a Burns' Supp. 1918, Acts 1915 p. 123, providing that a conclusion stated in a pleading shall be

considered an allegation of all facts necessary to sustain it when necessary to the sufficiency of the pleading, a complaint, in an action against a railroad company under the federal Employers' Liability Act (§8657 et seq. U. S. Comp. Stat. 1918, 35 Stat. at L. 65), for personal injuries to a section hand, which alleges that it was the duty of the section boss or foreman to keep a careful lookout and warn section hands of the approach of trains, etc., in sufficient time for them to move to a place of safety, is sufficient as against demurrer on the ground that it stated no facts making it the duty of the foreman to warn a section hand. p. 194.

4. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employers' Liability Act.—Instructions.—Law Applicable.*—In an action under the federal Employers' Liability Act (§8657 et seq. U. S. Comp. Stat. 1918, 35 Stat. at L. 65), for personal injuries, an instruction that the rights and liabilities of the parties were governed exclusively by that act, and that no laws of the state could have any effect in determining such rights and liabilities, was properly refused, in view of §362 Burns 1914, Acts 1899 p. 58, relating to the defense of contributory negligence in actions for personal injuries. p. 195.

5. MASTER AND. SERVANT.—*Injuries to Servant.—Federal Employers' Liability Act.—Contributory Negligence.—Proof.—Statute.*—Section 362 Burns 1914, Acts 1899 p. 58, making contributory negligence a matter of defense in actions for personal injuries, and placing the burden of proof on defendant, applies to an action in the state courts under the federal Employers' Liability Act (§8657 et seq. U. S. Comp. Stat. 1918, 35 Stat. at L. 65). p. 196.

6. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employers' Liability Act.—Negligence.—Contributory Negligence.—Federal and State Laws.—Applicability.*—In actions under the federal Employers' Liability Act (§8657 et seq. U. S. Comp. Stat. 1918, 35 Stat. at L. 65), the question whether the acts complained of amount to negligence and whether the injured party was guilty of contributory negligence must be determined under the state law, but the effect of contributory negligence when established is controlled by the federal law. p. 196.

7. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employers' Liability Act.—Construction.—Negligence.—Violation of Statute.*—Under §1 of the federal Employers' Liability Act (§8657 et seq. U. S. Comp. Stat. 1918, 35 Stat. at L. 65), creating a liability for injury or death resulting from the negligence of any officer, agent or employe, and abrogating the fellow-servant rule, subject, however, to the doctrine of assumption of risk by the employe, and §4, providing that the employe does not

assume the risk where the violation of any statute for the safety of employes contributed to the injury or death, the negligence of the officer, agent or employe which gives the right of action need not grow out of the violation of such statute. p. 196.

From Knox Circuit Court; *B. M. Willoughby,* Judge.

Action by Julia A. Wheeler, administratrix of the estate of Charles A. Wheeler, deceased, against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. R. Gardiner, C. K. Tharp, C. G. Gardiner, Morrison R. Waite, William A. Eggers, R. Woodson Tharp,* for appellant.

*Curtis G. Shake* and *Joseph W. Kimmell,* for appellee.

McMAHAN, C. J.—This action is brought under the federal Employers' Liability Act of April 22, 1908 (§§8657-8665 U. S. Comp. Stat. 1918, 35 Stat. at L. 65), and was tried on the first paragraph of complaint wherein it is alleged that appellant is an interstate carrier; that appellee's decedent was employed by it as a section hand and with others was engaged in repairing and maintaining appellant's line of railroad in the city of Vincennes, and that while so doing, was struck and killed by one of appellant's cars, by reason of the negligence of the section boss in failing to keep a careful lookout to warn said decedent of the approach of said car in time to enable him to move to a place of safety.

Appellant filed a motion to require appellee to state facts to sustain certain conclusions in the complaint, and insists that the court erred in overruling said

1. motion. No memorandum having been filed therewith, as required by §5, Acts 1917 p. 523, §691a *et seq.* Burns' Supp. 1918, no question concerning

194   APPELLATE COURT OF INDIANA,

Baltimore, etc., R. Co. *v.* Wheeler, Admx.—75 Ind. App. 191.

the action of the court in overruling said motion is presented. Appellant filed a demurrer to the first paragraph of complaint for want of facts. In the memorandum filed therewith, it is contended that the complaint fails to state any fact which made it the duty of the section boss to warn appellee's decedent of the approach of its cars. The complaint is predicated upon the negligence of the section boss to give such warning.

The federal Employers' Liability Act, having conferred on state courts a jurisdiction concurrent with that of the federal courts in actions under the statute and having made no regulations of the practice in these actions, the practice in an action in the state court under the statute is regulated by the law of the forum. *Central Vermont R. Co.* v. *White* (1915), 238 U. S. 507, 35 Sup. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B 252. In view of chapter 62, Acts 1915 p. 123, §343a Burns' Supp. 1918, which provides that a conclusion stated in a pleading shall be considered and held to be the allegation of all the facts required to sustain such conclusion when the same is necessary to the sufficiency of the pleading, the complaint is not subject to the objections pointed out and there was no error in overruling the demurrer thereto.

Appellant's next contention is that the court erred in overruling its motion for a new trial. The specifications of this motion are: That the verdict is not sustained by sufficient evidence and is contrary to law; that the amount of the verdict is excessive; and the giving and refusal to give certain instructions.

It is argued by appellant that there is no evidence proving that the section foreman failed to warn the decedent of the approach of the car in time to enable him to retire to a place of safety. No good purpose can be subserved by reviewing the evidence upon this subject.

We have carefully considered the evidence and find that it is sufficient to uphold the verdict. The complaint alleged and the jury by its verdict found that the section foreman was negligent, and that such negligence was the cause of decedent's death. Under the facts in this case we hold that the appellant is liable to an employe for injuries caused by the neglect of a fellow servant even though there was no violation of any statute enacted for the safety of such employe. *Kusturin v. Chicago, etc., R. Co.* (1919), 287 Ill. 306, 122 N. E. 513. The verdict is not contrary to law, nor is the amount thereof—$4,300—such as to impress us with the fact that the jury acted from prejudice, sympathy or partiality or was misled as to the measure of damages.

It is next contended that the court erred in refusing to give instruction No. 1 tendered by appellant, reading as follows: "The court instructs the jury that the rights of the plaintiff and the liabilities of the defendant in this case are governed exclusively by the law enacted by the Congress of the United States known as the Federal Employers' Liability Law and no laws of the State of Indiana can have any effect in determining the rights of the plaintiff or the liability of the defendant."

In order to show that this instruction is not a correct statement of the law and that there was no error in refusing to give it, it is only necessary to call attention to the question of contributory negligence and the burden of proof upon that subject. The right of appellee to a recovery is materially affected by §362 Burns 1914, Acts 1899 p. 58, which provides that, in an action for damages brought on account of the alleged negligence of a defendant causing personal injuries or death, it shall not be necessary for the plaintiff to allege or prove the want of contributory negligence on the part of the

plaintiff or on the part of the person for whose injuries or death the action is prosecuted. Con-
5. tributory negligence in such cases, under the law of this state, is a matter of defense, and applies to an action in the courts of this state to recover damages under the federal Employers' Liability Act.

Except in so far as the act itself modifies or changes the rules of practice and procedure or substantive law, cases arising under the act shall be heard and
6. determined in the state courts in the same manner as would like cases arising under the laws of this state and in cases like the one now under consideration. The act not defining negligence and there being no federal common law, it is the common law of the state which must be looked to in determining whether the acts complained of amount to negligence or whether the injured party was guilty of contributory negligence. While the question as to the existence of contributory negligence is to be determined according to the law of the state, the effect of such negligence when established is controlled by the federal law.

The eighth instruction tendered by appellant and refused was to the effect that, if the appellee's decedent was struck and killed by reason of his negligence,
7. and that appellant had not violated any statute enacted by Congress for the protection and safety of employes engaged in interstate commerce, there could be no recovery. Section 1 of the federal act (§8657 U. S. Comp. Stat. 1918, 35 Stat. at L. 65) creates a liability for injury or death when such injury or death results "from the negligence of any of the officers, agents or employes." Section 4 (§8660 U. S. Comp. Stat. 1918, 35 Stat. at L. 66) provides that, "in any action * * * under the provisions of this act * * * such employe shall not be held to have assumed the risk of his employment in any case where the violation by

such common carrier of any statute enacted for the safety of employes contributed to the injury or death of such employe."

It is appellant's contention that these two sections must be construed in *pari materia,* and when so construed the negligence of the officer, agent or employe which gives the right of action must grow out of some violation of a statute enacted for the safety of the employe by such officer, agent or employe which contributed to the injury or death for which suit is brought. This contention cannot be upheld.   Section 1 of the act creates a liability in favor of the employe, and abrogates the fellow-servant rule, subject however to the doctrine of assumption of risk by the employe.   *Boldt* v. *Pennsylvania R. Co.* (1918), 245 U. S. 441, 38 Sup. Ct. 139, 62 L. Ed. 385; *Chesapeake & O. R. Co.* v. *DeAtley* (1916), 241 U. S. 310, 60 L. Ed. 1016, 36 Sup. Ct. 564. Where the carrier violates any statute enacted by Congress for the safety of employes and thus contributes to the injury or death of such employe, §4 provides that in such cases the employe shall not be held to have assumed the risk of his employment.   Where the injury or death of the employe is brought about by any reason other than the violation of any such statute, the doctrine of "assumption of risk" applies, *Chicago, etc., R. Co.* v. *Ward* (1920), 252 U. S. 18, 40 Sup. Ct. 275, 64 L. Ed. 430.   Decided March 1, 1920.   There was no error in refusing to give the instruction.

The other instructions tendered by appellant and refused in so far as they are applicable were fully covered by instructions given.   We have considered each instruction given of which complaint is made, and find no reversible error in the action of the court in giving them.

Judgment affirmed.