MARGARET EASTLAND, as Administratrix, etc., Plaintiff, v. DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Defendant.

Supreme Court, Erie County, March, 1922.

Carriers — railroads — Federal Employers' Liability Act — assumption of risk — when helper engaged in interstate work is killed by negligence of his superior in operating a motor car, his representative should not be nonsuited on the ground that his intestate assumed the risk.

The fellow-servant rule of the common law has been abolished by the Federal Employers' Liability Act where the negligence of the fellow-servant is obvious or fully known and appreciated.

It is not the duty of an employee to exercise care to discover extraordinary danger that may arise from the negligence of the employer or of those for whose conduct the employer is responsible; the employee has the right to assume that the employer or his agents have exercised proper care with respect to his safety until notified to the contrary, unless the want of care and the danger arising therefrom are so obvious that in the circumstances an ordinarily careful person would observe and appreciate them.

Plaintiff's intestate was a helper to one H. employed by the defendant railroad company as maintenance man, engaged in keeping signals and switch lights in order. For the purpose of transportation over its railroad to perform this work, defendant furnished a small motor car which was in charge of and operated by H. In an action brought under the Federal Employers' Liability Act to recover for causing the death of plaintiff's intestate, the negligence alleged was the act of H. in operating the motor car at such a dangerous rate of speed as to cause its derailment. The defendant contended that under the statute the decedent assumed all risk of injury through the negligence of his fellow-servant H. and that such assumption of risk was a complete defense to the action. Held, that defendant's motion to set aside a verdict in favor of plaintiff will be denied.

A request to charge the jury that if decedent knew of the habit of H. to operate the car at the speed at which it was being operated at the time of the derailment, decedent assumed the risk of the derailment, was properly refused.

MOTION by defendant for a direction of a verdict.

*Carlton E. Ladd,* for plaintiff.

*Evan Hollister,* for defendant.

BROWN, J. Decision of defendant's motion for a direction of a verdict of no cause of action was reserved until after the verdict.

A verdict was rendered for the plaintiff. Defendant also moved to set aside the verdict. Plaintiff's intestate was a helper to one Hartman, employed by defendant as maintenance man engaged in the business of keeping signals and switch lights in order. For the purpose of transportation over the railroad to perform this work defendant furnished a small motor car which was in charge of and operated by Hartman. The jury has found that the motor car was derailed through the negligent operation of Hartman, causing death of plaintiff's intestate. The action was brought under the Federal Employers' Liability Act. Upon the trial defendant asserted that the negligence of Hartman was the negligence of a fellow-servant of decedent; that under the Federal Employers' Liability Act the decedent assumed all risks of injury through the negligence of his fellow-servant Hartman, which assumption of risk was a complete defense to plaintiff's cause of action. The motion for a direction of a verdict in defendant's favor was based upon that contention.

By the terms of the Federal Employers' Liability Act the common carrier " shall be liable in damages * * * for such * * * death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."

The authorities holding that such statute abolished the fellow-servant rule of the common law are very numerous.

By section 4 of the Federal Employers' Liability Act it is provided that the " employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." In *Seaboard Air Line* v. *Horton*, 233 U. S. 492, 503, the Supreme Court said: " It seems to us that § 4, in eliminating the defense of assumption of risk in the cases indicated, quite plainly evidences the legislative intent that in all other cases such assumption shall have its former effect as a complete bar to the action." In *Jacobs* v. *Southern Ry. Co.*, 241 U. S. 229, the same court held: " There being no violation of any safety statute, the common-law defense of assumption of risk is not eliminated in such a case by the Employers' Liability Act." In *Southern Ry. Co.* v. *Crockett*, 234 U. S. 725, 730, the same court said: " Upon the merits, we of course sustain the contention that by the Employers' Liability Act the defense of assumption of risk remains as at common law, saving in the cases mentioned in § 4, that is to say: ' any case where the violation by such common carrier of any statute enacted for the safety of employes contributed to the injury or death of such employe.' " Citing *Seaboard Air Line* v. *Horton, supra.*

It is claimed by the defendant that inasmuch as the risk that is assumed by the employee under the common law includes the risk of injury or death occasioned by the negligence of a fellow-servant or co-employee, and the Supreme Court having decided that the defense of assumption of risk remains as at common law save in those cases involving the violation of statutory duty as to safety appliances, it necessarily follows that there can be no recovery by the plaintiff of damages sustained by the negligence of Hartman for the twofold reason that Hartman was a fellow-servant of decedent and that the negligence charged did not involve any statutory duty of defendant.

It is not believed that under the foregoing authorities the defense of assumption of risk that survives the Federal Employers' Liability Act is the assumption of risk by the employee of injury through all negligence of a fellow-servant in cases not involving a statutory duty. The statute gives a right of recovery for injury or death resulting from the negligence " of any of the employes of such carrier," and this certainly includes the negligence of a fellow-servant. In *Pederson* v. *Del., Lack. & West. R. R.*, 229 U. S. 146, 151, in the last above quotation, the word " any " is italicised. In *Boldt* v. *Pennsylvania R. R. Co.*, 245 U. S. 441, the decision is stated in the syllabus to be that under the Federal Employers' Liability Act, except in the cases specified in section 4, the employee assumes extraordinary risks incident to his employment, and risks due to negligence of employer and fellow-employees, when obvious or fully known and appreciated by him. The claim that the old fellow-servant rule of preventing a recovery for damages resulting from the negligence of a co-employee still survives in spite of the language of the Federal Employers' Liability Act, ignores and eliminates the vital prerequisite that such negligence of the fellow-servant must be obvious or fully known and appreciated by the injured employee. If such negligence be not obvious, or if it be not fully known and appreciated, risk of injury by reason of such negligence by a fellow-servant has not been assumed by the injured employee, even though the negligence does not involve any statutory duty. The conclusion is, therefore, reached that the fellow-servant rule of the common law has been abolished by the Federal Employers' Liability Act where the negligence of the fellow-servant is obvious or fully known and appreciated.

It was said in *Chesapeake & Ohio Ry. Co.* v. *De Atley*, 241 U. S. 310, that the act of congress, by making the carrier liable for an employee's injury, resulting in whole or in part from the negligence of any of the officers, agents or employees of the carrier, abrogated

the common-law rule known as the fellow-servant doctrine by placing the negligence of a co-employee upon the same basis as the negligence of an employer. At the same time, in saving the defense of assumption of risk in cases other than those where the violation by the carrier of a statute enacted for the safety of employees may contribute to the injury or death of an employee (*Seaboard Air Line* v. *Horton*, 233 U. S. 492), the act placed a co-employee's negligence, where it is the ground of the action, in the same relation as the employer's own negligence would stand to the question whether a plaintiff is to be deemed to have assumed the risk.

According to our decisions, the settled rule is not that it is the duty of an employee to exercise care to discover extraordinary dangers that may arise from the negligence of the employer or of those for whose conduct the employer is responsible, but that the employee may assume that the employer or his agents have exercised proper care with respect to his safety until notified to the contrary, unless the want of care and the danger arising from it are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them. *Chicago, R. I. & P. Ry. Co.* v. *Ward*, 252 U. S. 18; *Ches. & Ohio Ry.* v. *Proffitt*, 241 id. 462; *Erie R. R. Co.* v. *Purucker*, 244 id. 320.

The remaining grounds urged for a direction of a verdict in defendant's favor involved questions of fact that were properly for the jury. Defendant's motion must be denied.

The negligence charged in the case at bar was the act of Hartman, the fellow-servant of the decedent, in operating the motor car at a dangerous rate of speed, causing its derailment. The defendant asserts that such negligence was obvious or fully known and appreciated by decedent, and that error was committed in refusing to charge that if the jury find that the deceased knew from his previous experience in riding with Hartman that Hartman was in the habit of running his car at the rate of speed at which it was being operated at the time of the derailment, and also knew of the tendency of the speeder, if any, to derail at such a speed, he assumed that risk and also the risk of this derailment. The request was that the jury be charged that if decedent knew of the habit of Hartman, the decedent assumed the risk of the derailment. The only risks that decedent assumed were those that were obvious or fully known and appreciated. It cannot be said as a matter of law that if decedent knew of the habit of Hartman to operate the car at the speed at which it was being operated at the time of the derailment he assumed the risk of derailment. Simply by reason of Hartman's habit, it was not obvious that he was going to operate the car so fast that it would be derailed. Neither can it be said

that by reason of decedent's knowledge of Hartman's habit, that decedent fully knew and appreciated the possibility of Hartman's operating the car at a dangerous speed. It would have been error to have charged that knowledge of Hartman's habit made it obvious to decedent that Hartman was going to operate the car at a dangerous speed or that decedent fully knew and appreciated such danger, and assumed the risk of the derailment. The request was properly refused. Defendant's motion to set aside the verdict must be denied.

Ordered accordingly.