**PITCAIRN et al. v. LANDIS.**

No. 5642.

Circuit Court of Appeals, Seventh Circuit.

March 23, 1936.

Samuel Parker, Will G. Crabill, Shepard J. Crumpacker, Arthur L. May, W. S. Carlisle, and George N. Beamer, all of South Bend, Ind., for appellants.

Albert Ward, of Indianapolis, Ind., and Russel J. Wildman, of Peru, Ind., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellants, receivers of the Wabash Railway Company, appeal from a judgment in favor of appellee rendered upon a verdict in an action brought to recover damages for personal injuries resulting from appellee's having been struck by a moving car in the railroad yards at Peru, Ind. Appellants contend that there was no substantial evidence to sustain the finding and that the trial court should have allowed their motion for a directed verdict in behalf of appellants.

The amended complaint charged that on the 12th day of May, 1933, while appellee was engaged in the performance of his duties as a train inspector, he was struck by a boxcar proceeding on a switch track running parallel to the train which he was inspecting. He averred that the resulting injury was due to the negligence of appellants in the following particulars: (1) There were no lights on the car to warn appellee of its approach. (2) There was no flagman or other person on the approaching end of the car, which was being backed down the track, to give any warning of its approach. (3) There was no warning of any kind given of the approach of the car. (4) The servants in charge of the movement of the car saw the appellee in ample time to warn him, failed to do so, and negligently permitted the boxcars to continue to be operated toward appellee without any warning or any attempt to stop same. (5) The tracks where the injury occurred were out of repair and in such condition that, when trains were operated over same, the cars would sway violently from side to side. This fact was known to appellants and their servants. At the time of the accident the cars passed over one of such defective places and were thereby caused to sway toward appellee and strike him. Appellee averred that he had no knowledge of the approach of the boxcars which struck him. Appellants filed their general denial.

There was substantial evidence of the following facts: The accident occurred in the east yards of the city of Peru, where there are several tracks. The one farthest south is the eastbound main track. Immediately north of this is the westbound main track. To the north of these tracks are seven switching tracks, known as Nos. 1 to 7, inclusive. No. 1 is immediately north of the westbound main track. The distance between any two adjoining switching tracks is approximately seven feet and between the switch track and main track a little more than seven feet.

Appellee went to work in the afternoon as an inspector. His duties were to inspect trains that come into the yards, to ascertain whether the cars had any defects, such as loose brake beams, broken wheels, or other imperfections, and to see that faulty cars were shunted into the rip track for repairs.

Train No. 91 was a westbound manifest train, traveling on westbound main track, arriving about 7 o'clock in the evening. It called for rapid transportation, and was to be inspected and started on the renewal of its journey with the least delay possible. Landis and Fortune, another inspector, started at opposite ends of the train and met in the middle. Landis went to the head of the train to meet the brakeman and Fortune to the rear to meet the flagman. They then gave the signal to the train crew to start. It was then the duty of Landis and Fortune to give final inspection with their lanterns as the train passed to the west. They crossed over No. 1 switch track and walked west between No. 1 and No. 2 as No. 91 started. Landis looked to the rear and saw no cars or approaching trains from either direction on tract No. 1. He did see, standing behind the manifest train on the westbound main track, an engine, two cabooses, and a boxcar; the engine being on the east end and the boxcar on the west end of this group. They were from 500 to 1,000 feet to the east. Fortune and Landis

then continued to work west, with their carbide reflectors flashing light on the cars, to make sure that nothing was dragging. Before No. 91 passed, without Landis' knowledge, the boxcar, caboose, and engine had crossed to No. 1 track and had proceeded westerly to the place where, as Landis says, the boxcar struck him on the left side of the head.

The track was in bad condition. The joints were low. The track had been wet and slushy, and jarred up and down when engines passed and cars were thereby caused to sway. Landis testified that he had several times "dodged down" when cars were passing, to avoid being hit by swaying cars, and that the condition mentioned had existed for more than three months prior to the accident. It was usual for inspectors, as they made their final inspection, to walk between the tracks. There is sufficient clearance to prevent danger unless the cars sway. Landis testified that he had seen cars swaying so much that the tops on adjoining tracks touched.

■ Neither Fortune nor Landis heard the approaching cars or any warning of their coming. As the cars were being backed down the track No. 1, various members of the crew thereof saw both Landis and Fortune. No whistle was blown. The head brakeman testified that he did not know whether the bell was ringing or not, but it was said that there was a switchman on the west end of the boxcar with a lantern in his hand. There was some testimony in behalf of appellants that just before appellee was hit he stepped towards the coming boxcar. This he denied. Some of the facts mentioned were not disputed, but the only question presented is whether there is any substantial evidence to support a verdict for appellee. We have mentioned such things as appellee's evidence tended to prove on the premise that the evidence is to be most strongly construed in appellee's favor in passing upon the action of the court in overruling a motion for a directed verdict.

■ Appellants contend that appellee assumed the risks as a result of which he was injured. Under well-established rules, an employee of a railroad whose work takes him near the tracks, where there is danger of being run down by a train, assumes the risks ordinarily incidental to his employment, but not those caused by the unexpected or unknown negligent acts of his employer or of the latter's servants. Chesapeake & O. R. Co. v. Proffitt, 241 U.S. 462, 36 S.Ct. 620, 60 L.Ed. 1102; Kanawha & M. R. Co. v. Kerse, 239 U.S. 576, 36 S.Ct. 174, 60 L.Ed. 448. Consequently appellee assumed the risks incidental to his employment, in so far as he was aware thereof.

■ But the facts here are such that the court could not say as a matter of law that appellee had assumed the risks as a result of which his injury occurred. The testimony was that he heard no warning in the way of a bell, whistle, or otherwise; that he had looked up the track, saw no approaching cars; that the freight train was passing; that he was continuing with his duties of inspection; that the passing train made considerable noise; that his efforts were concentrated upon his inspection duties; that he stayed between the two tracks at a point which was ordinarily a place of safety and knew of no imminent danger. To say that the situation was such that the trial court should have said as a matter of law that all the risks, shown by the evidence, out of which the accident grew were assumed by appellee, is to go further, we believe, than the law justifies.

■ Appellants insist that there was no negligence upon their part. It was not necessary that appellee prove all of the grounds of negligence set up in his complaint. Any substantial evidence of any one of the grounds relied upon is sufficient. Atlantic Coast Line R. Co. v. Raulerson (C.C.A.) 267 F. 694. If the court erred in its refusal to direct a verdict, then, again, we must say as a matter of law that there was no substantial evidence of negligence in the fact that appellants backed the engine and cars toward appellee, under the facts and circumstances recited, while appellee was busily engaged in making a running inspection of an outgoing fast scheduled freight train. His duties in this inspection were known to the crew operating the approaching switch train. The cars were backed down the track, toward appellee, as he says, without warning other than, as a switchman testified, his call to appellee to warn him. Landis and Fortune both testified that they heard no such call, and, if it occurred, it is a proper inference that the noise of the westbound train drowned out the warning. Appellee's attention was

concentrated upon his inspection and close observation of the passing cars.

In this situation whether the appellants were negligent in any particular charged in the complaint was a question which the court could not decide as a matter of law, but which under well-known rules it was its duty to submit to the jury. Appellee was an employee whose duty required reporting on defective conditions. He knew that the members of the switching crew knew of his duties and knew of, what he said was, the alleged defective condition of the track. He testified that, when he knew of approaching cars, he stooped to avoid any danger from their swaying. He was moving in a place where there was plenty of opportunity to escape injury if he stayed in the clear. We believe that under these facts, without regard to any contradictory evidence, which cannot be considered or weighed, there was no error in submitting the question to the jury, but, on the contrary, that it would have been error for the court to have directed a verdict of not guilty. Central R. Co. of N. J. v. Colasurdo (C.C.A.) 192 F. 901; Texas & P. R. Co. v. Behymer, 189 U.S. 468, 23 S.Ct. 622, 47 L.Ed. 905; New York, N. H. & H. R. Co. v. Pascucci (C.C.A.) 46 F.(2d) 969; Chesapeake & Ohio R. Co. v. Proffitt, 241 U.S. 462, 36 S.Ct. 620, 60 L.Ed. 1102; Chesapeake & Ohio R. Co. v. De Atley, 241 U.S. 310, 36 S.Ct. 564, 60 L.Ed. 1016; Chicago, R. I. & P. R. Co. v. Ward, 252 U.S. 18, 40 S.Ct. 275, 64 L.Ed. 430.

Accordingly, the judgment of the District Court is affirmed.