## JENKINS et al. v. PULLMAN CO. et al.
### No. 8558.

Circuit Court of Appeals, Ninth Circuit.
April 19, 1938.

L. H. Phillips, Chas. R. Thompson, and Henry N. Cowan, all of Los Angeles, Cal., for appellant.

Robert Brennan, M. W. Reed, Leo E. Sievert, and H. K. Lockwood, all of Los Angeles, Cal., for appellee Pullman Co.

Robert Brennan and M. W. Reed, both of Los Angeles, Cal., for appellees H. J. Hatch and Edward E. Myers.

Livingston & Livingston, of San Francisco, Cal. (Leonard J. Bloom, of San Francisco, Cal., of counsel), for appellee A. J. Kash.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Two procedural questions and one substantive question are submitted to us, the former involving removability of an action commenced in a state court, and the latter involving the effect of an instrument signed by appellant, after commencement of the action, as to whether or not it extinguished the entire action.

Southern Pacific Company, hereinafter called the railroad, is a Kentucky Corporation. Robert L. Jenkins, a resident of California, was employed by it as a passenger conductor. Fred M. Dolsen, a resident of California, was employed by it as a gate tender at its passenger station in the city of Los Angeles, to examine tickets of passengers, before their entry through the gates to board trains.

The Pullman Company, hereinafter called the company, is an Illinois corporation. H. J. Hatch, a resident of California, was employed by it as a Pullman conductor. Edward E. Myers, whose place of residence does not appear, was employed by it as a Pullman porter.

The railroad hauls the company's sleeping cars and equipment under an agreement between them. Under rules of the railroad, its conductor or other officer in charge shall eject disorderly passengers from its trains, and is permitted to call to his assistance city, county, or California State peace officers. Likewise, employees of the railroad are instructed to preserve order in and about its stations.

On March 29, 1935, the railroad ordered Robert L. Jenkins to take charge, as conductor, of its train, leaving Los Angeles

destined for San Francisco. About 8 o'-clock in the evening of that day, the railroad's gate tender, Fred M. Dolsen, permitted one A. J. Kash to pass through its gates in order to board the train, without displaying a ticket. Kash at that time was intoxicated, loud, boisterous, disorderly, and was using profane and indecent language. The Pullman conductor and the Pullman porter permitted Kash to board the train, and he continued his objectionable and annoying conduct. Efforts of the Pullman conductor to induce Kash to desist from his disorderly conduct failed. The Pullman conductor thereupon called Jenkins to assist him. Remonstrances of Jenkins had no effect. Jenkins called police officers of the city of Ventura to assist in ejecting Kash from the train at that place. The police officers arrested Kash, and, as they were taking him from the train, Kash struck and injured Jenkins.

Jenkins died as a result of the injuries caused by the blow, on April 19, 1935. His wife, Garnett V. Jenkins, and his minor son, Robert W. Jenkins, survived him. On September 27, 1935, Garnett V. Jenkins was appointed guardian ad litem for Robert W. Jenkins, and individually; and as such guardian ad litem, brought an action against the railroad, its gate tender, the company, its conductor, its porter, and Kash to recover for the death of Jenkins, in a California state court.

The complaint contained two causes of action, the first being brought against and grounded on the negligence of all defendants, and the second being brought against Kash only, and charged him with assault and battery. Recovery of $50,000 on each cause of action was prayed for. The first cause of action failed to allege that Jenkins was engaged in work, or performing services, which were a part of interstate commerce at the time of his injury, and failed to allege negligence of the Pullman conductor.

On November 20, 1935, the company filed in the state court a petition to remove the cause to the court below.

On November 25, 1935, Garnett V. Jenkins individually, and as guardian ad litem for Robert W. Jenkins, filed an amended complaint in the state court,[1] containing two causes of action, being the same as those contained in the original complaint. The amended complaint alleged, in the first cause of action, the same facts as were contained in the first cause of the original complaint, but failed to allege negligence of the Pullman conductor. There was an allegation in the first cause of action of the amended complaint that the action was brought, as against the railroad, under the Federal Employers' Liability Act, as amended, 45 U.S.C.A. §§ 51–59.

On the same day, November 25, 1935, an order of removal was made by the state court. On December 10, 1935, in a probate proceeding in the state court, Garnett V. Jenkins was appointed administratrix of the estate of Jenkins, deceased, and on December 27, 1935, the court below made an order substituting Garnett V. Jenkins, as such administratrix (hereinafter called appellant), as plaintiff, for Garnett V. Jenkins, individually and as guardian ad litem, pursuant to a stipulation.

On January 17, 1936, the Pullman conductor filed in the court below a demurrer. On January 22, 1936, appellant filed a motion to remand the cause to the state court.

The demurrer filed by the Pullman conductor was sustained on January 29, 1936. Appellant filed a second amended complaint on February 8, 1936. It contained the same two causes of action, the only essential difference being that the first cause of action of the second amended complaint alleged that at the time of his injury Jenkins was performing services which were a part of interstate commerce, and that the Pullman conductor was negligent. It was unlike the first causes of action in the original and amended complaints in those respects.

The motion to remand was denied by the court below on February 19, 1936. On December 7, 1936, appellant filed in the court below an instrument entitled "Waiver Of Jury."

On December 21, 1935, Garnett V. Jenkins, individually, and as guardian ad litem, executed and acknowledged a document entitled a "Covenant Not To Sue." In consideration of the sum of $2,500, those parties by that document covenanted with the railroad that they would "forever * * * refrain from instituting, pressing or in any way aiding any claim * * *

---

[1] Counsel for appellees state that the railroad had filed, and the state court had sustained, a demurrer to the original complaint, which may have been the reason for the amended complaint, although the record here does not disclose such fact.

or cause of action for damages * * * on account of * * * the injury or death of Robert L. Jenkins, deceased * * * which cause or causes are mentioned in that certain action entitled In the District Court of the United States, Southern District of California, Central Division, Mrs. Garnett V. Jenkins and Robert W. Jenkins, by Mrs. Garnett V. Jenkins, his guardian ad litem, plaintiff, vs. Southern Pacific Company, a corporation, et al. * * *"

Another provision was that "Mrs. Garnett V. Jenkins and Robert W. Jenkins, by Mrs. Garnett V. Jenkins, his guardian ad litem, and the Southern Pacific Company, a corporation, do not in any manner or respect waive or relinquish any claim or claims against any other person, persons, firms or corporations than are herein specifically named * * *"

On December 23, 1936, appellant filed a petition in the state court probate proceedings stating that she, as administratrix, had filed an action predicated upon an injury to the deceased, and that such action had been removed to the court below; and that she, as administratrix, had entered into a "Covenant Not To Sue" with the railroad, a copy of which was attached. She prayed for "an order confirming said Covenant Not to Sue and permitting the petitioner to dismiss said cause as against the Southern Pacific Company." On the same day the state court ordered "that the Covenant Not to Sue entered into by and between Mrs. Garnett V. Jenkins, Administratrix, and the Southern Pacific Company, a corporation, be and is hereby confirmed and that she be permitted to dismiss said cause of action as against Southern Pacific Company, a corporation."

On the following day, the court below dismissed the action as against the railroad and the gate tender.

On December 29, 1936, the company, the Pullman conductor, the Pullman porter,[2] and Kash, all filed supplemental answers that the "Covenant Not to Sue" released[3] the cause of action stated against them.

The answers were treated as pleas in bar, and trial was had thereon on the same day. The court below held that the instrument "amounted to a release of the cause of action as to all of the defendants." See Jenkins v. Southern Pac. Co., D.C., 17 F.Supp. 820. Findings and judgment of dismissal followed on January 22, 1937. Appellant appealed from the judgment.

Notwithstanding the fact that appellant had been substituted as plaintiff, the record here does not disclose that any of the parties noted or observed such substitution in either the captions or allegations of pleadings or other documents filed. The judgment for costs was against, and the appeal was taken by, Garnett V. Jenkins, individually, and as guardian ad litem. At the argument appellees asked for, and were granted, ten days within which to file a motion to dismiss, on the ground that the appeal was not taken by the proper party. Within the ten-day period, they declined to so move. Had the motion been made, it would have been denied. Appellant has the right to amend. Missouri, Kan. & Tex. Ry. Co. v. Wulf, 226 U.S. 570, 576, 33 S.Ct. 135, 57 L.Ed. 355, Ann. Cas.1914B, 134. In 49 C.J. 130, § 135, it is said: "* * * While a caption or title may be considered a proper formal part of a declaration, complaint, or petition, it has been said that, strictly speaking, a caption is no part thereof, except where by express reference thereto in the pleading itself it is made a part thereof; and accordingly it has generally been held that a defective caption, or no caption at all, is merely a formal defect and not fatal, which may be waived by answering to the merits * * *"

It would be a mere ceremony to remand the case so that the amendment might be made, and therefore we shall consider the appeal papers as amended. Cf. Norton v. Larney, 266 U.S. 511, 516, 45 S.Ct. 145, 147, 69 L.Ed. 413; Realty Holding Co. v. Donaldson, 268 U.S. 398, 400, 45 S.Ct. 521, 69 L.Ed. 1014.

Appellees point out that appellant did not except to the order denying the motion

---

[2] The Pullman conductor's supplemental answer stood also as the supplemental answer of the Pullman porter because of a nunc pro tunc order made January 22, 1937.

[3] It should be noted that the supplemental answers are based on the theory that Garnett V. Jenkins, individually and as guardian ad litem, released a cause of action held by "Garnett V. Jenkins, administratrix of the estate of Robert L. Jenkins, deceased." Neither party has presented argument as to whether any one but the administratrix could actually release such cause of action.

to remand. Likewise, she does not appeal from such order.

■ At common law, the death of a human being was not a ground of action for damages.[4] That rule, and the rule that a servant assumed the risk of his employment,[5] prevented recovery from an employer for the death of an employee'caused by the negligence of a fellow servant.[6]

■ Many of the states, prior to 1908, had modified or displaced those rules by legislation. Second Employers' Liability Cases, 223 U.S. 1, 51, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44. California first modified the common law in 1862 by statute. 8 Cal.Jur. 953, § 15. In 1874 modification of the common law was made by statute. 8 Cal.Jur. 952, § 15. That provision now effective is Code Civ.Proc., § 377, which provides in part: "When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person."

With respect to the question as to whether the employer was liable for the death of his employee caused by the negligence of a fellow servant, a provision, enacted in 1872, was amended by the Employers' Liability Act of 1907, Civil Code, § 1970. 8 Cal.Jur. 954, § 16. That provision has since been superseded by the Workmen's Compensation Act, St.Cal.1917, p. 831, as amended. 27 Cal.Jur. 250, § 1; 8 Cal.Jur.Supp. 82, § 16. Such provisions, however, are not applicable to an employer, which is a common carrier by railroad and engaged in interstate commerce, because by the Federal Employers' Liability Act of April 22, 1908, 35 Stat. 65, c. 149, as amended, 45 U.S.C.A. §§ 51–59, Congress

has acted in that field, superseding state laws in such field. Second Employers' Liability Cases, 223 U.S. 1, 55, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44.

Summarizing, we find that actions for wrongful death, if not against an employer, are governed by the state code section quoted; such actions against an employer, which is a common carrier by railroad and engaged in interstate commerce, are controlled by the Federal Employers' Liability Act; and remedy for such death, against an employer not within that description, is that given by the California Workmen's Compensation Act. Tipton v. Atchison, T. & S. F. Ry. Co., 298 U.S. 141, 56 S.Ct. 715, 80 L.Ed. 1091, 104 A.L.R. 831.

■ The Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51, provides in part: "Every common carrier by railroad while engaging in commerce between any of the several States, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee * * * for such * * * death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."

That provision modified the common law. Second Employers' Liability Cases, supra, 223 U.S. 1, 49, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44; and see Chicago, R. I. & P. Ry. Co. v. Ward, 252 U.S. 18, 21, 40 S.Ct. 275, 276, 64 L.Ed. 430. Under that section an action to recover for the death of an employee must be prosecuted by the personal representatives of the deceased employee, and not by the beneficiaries;[7] and the employee must have been engaged in interstate commerce at the time of the injury or death.[8]

---

[4] Mobile L. Insurance Co. v. Brame, 95 U.S. 754, 756, 24 L.Ed. 580; The Harrisburg, 119 U.S. 199, 204, 7 S.Ct. 140, 30 L.Ed. 358; Mich. Cent. R. Co. v. Vreeland, 227 U.S. 59, 68, 33 S.Ct. 192, 57 L.Ed. 417.

[5] New England Railroad Co. v. Conroy, 175 U.S. 323, 327, 328, 20 S.Ct. 85, 44 L.Ed. 181.

[6] St. Louis, San Francisco & T. Ry. Co. v. Seale, 229 U.S. 156, 157, 33 S.Ct. 651, 57 L.Ed. 1129.

[7] American R. Co. v. Birch, 224 U.S. 547, 558, 32 S.Ct. 603, 56 L.Ed. 879;

Missouri, Kan. & Tex. Ry. Co. v. Wulf, 226 U.S. 570, 576, 33 S.Ct. 135, 57 L. Ed. 355, Ann.Cas.1914B, 134; Troxell v. Del., Lack. & West. R. Co., 227 U.S. 434, 444, 33 S.Ct. 274, 57 L.Ed. 586; St. Louis, San Francisco & T. Ry. Co. v. Seale, 229 U.S. 156, 158, 33 S.Ct. 651, 57 L.Ed. 1129.

[8] St. Louis, San Francisco & T. Ry. Co. v. Seale, supra, 229 U.S. 156, 158, 33 S. Ct. 651, 57 L.Ed. 1129; Illinois Cent. R. Co. v. Behrens, 233 U.S. 473, 478, 34 S.Ct. 646, 58 L.Ed. 1051, Ann.Cas.1914C, 163; Pedersen v. Del., Lack. & West. R. Co.,

Appellant contends that she stated a cause of action under the Federal Employers' Liability Act, § 6, as amended, and that joinder, with such cause, of other independent causes of action should not defeat the provision in the act that "no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 45 U.S.C.A. § 56.

Appellees contend that removability must be determined by the status of the case at the time the original complaint was filed;[9] that all parties defendant, except the company and Kash, must be disregarded in determining the right of removal; that, after disregarding such parties, it appears that the cause of action against the company was for negligence, and that the cause of action against Kash was for assault; and that such causes were severable and removal was properly allowed. Appellees say that the original complaint stated no cause of action against the railroad or the Pullman conductor, and therefore those parties should be disregarded;[10] that the gate tender and the Pullman porter had not been served with process and should be disregarded.[11]

There is authority that the subsequent amendments related back to the time of the original complaint,[12] and therefore the railroad and the Pullman conductor should not be disregarded.[13] If they were not disregarded, the cause of action against the company and the Pullman conductor was not severable, and removal was improper. Chesapeake & Ohio Ry. Co. v. Dixon, 179 U.S. 131, 21 S.Ct. 67, 45 L.Ed. 121; Southern Railway Co. v. Carson, 194 U.S. 136, 138, 139, 24 S.Ct. 609, 48 L.Ed. 907; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Cincinnati, N. O. & Texas Pacific Ry. Co. v. Bohon, 200 U.S. 221, 26 S.Ct. 166, 50 L.Ed. 448, 4 Ann.Cas. 1152; Chicago, B. & Q. Ry. Co. v. Willard, 220 U.S. 413, 425, 31 S.Ct. 460, 55 L.Ed. 521.

We think, if it did not sufficiently appear at the time when the petition for removal was filed that the cause was not severable, then it so appeared when the second amended complaint was filed. Under those circumstances we believe the duty of the court below is expressed in 28 U.S.C.A. § 80, which provides in part: "If in any suit * * * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been * * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court * * * the said district court shall proceed no further therein, but shall * * * remand it to the court from which it was removed."

There is here no charge of fraudulent joinder, and we therefore have no occasion to mention the rules governing in such event.

Although the court below refused to remand the cause, we think it our duty to order it remanded. Chicago, B. & Q. Ry.

---

229 U.S. 146, 150, 33 S.Ct. 648, 57 L.Ed. 1125, Ann.Cas.1914C, 153; Shanks v. Del., Lack. & West. R. Co., 239 U.S. 556, 557, 558, 36 S.Ct. 188, 60 L.Ed. 436, L.R.A.1916C, 797; Erie Railroad Company v. Welsh, 242 U.S. 303, 306, 37 S.Ct. 116, 61 L.Ed. 319.

[9] Saint Paul Mercury Ind. Co. v. Red Cab Co., 58 S.Ct. 586, 82 L.Ed. ——, February 28, 1938.

[10] Cella v. Brown, 8 Cir., 144 F. 742, certiorari denied 202 U.S. 620, 26 S.Ct. 766, 50 L.Ed. 1174; Peters v. Plains Petroleum Co., 10 Cir., 43 F.2d 49, 50.

[11] Community Bldg. Co. v. Maryland Casualty Co., 9 Cir., 8 F.2d 678, 679, certiorari denied 270 U.S. 652, 46 S.Ct. 351, 70 L.Ed. 782; Hunt v. Pearce, 8 Cir., 284 F. 321, 323, 324.

[12] Missouri, Kan. & Tex. Ry. Co. v. Wulf, 226 U.S. 570, 576, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134; New York Cent. & H. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294; Baltimore & O. S. W. R. Co. v. Carroll, 280 U.S. 491, 494, 50 S.Ct. 182, 183, 74 L.Ed. 566.

[13] Chicago, R. I. & Pac. Ry. v. Schwyart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473. In addition, there are many cases where amendments are considered as relating back in determining questions as to whether or not a bill of complaint states facts showing the jurisdiction of a district court: Chesapeake & O. Ry. Co. v. Coffey, 4 Cir., 37 F.2d 320, 324; Bison State Bank v. Billington, 5 Cir., 228 F. 116, 117; Baltimore & O. R. Co. v. McLaughlin, 6 Cir., 73 F. 519, 521; Carter-Crume Co. v. Peurrung, 6 Cir., 99 F. 888, 890; Bowden v. Burnham, 8 Cir., 59 F. 752, 754; Carnegie, Phipps & Co. v. Hulbert, 8 Cir., 70 F. 209, 218; Goodman v. City of Ft. Collins, 8 Cir., 164 F. 970, 973.

Co. v. Willard, supra; McNutt v. General Motors, etc., Corp., 298 U.S. 178, 184, 56 S.Ct. 780, 782, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 299 U.S. 269, 277, 57 S.Ct. 197, 200, 81 L.Ed. 183; Hare v. Birkenfield, 9 Cir., 181 F. 825.

Judgment reversed, with directions to remand the cause to the state court.

MATHEWS, Circuit Judge (dissenting).

This was an action against the Southern Pacific Company, the Pullman Company, Fred M. Dolsen, and three other defendants for damages in the sum of $50,000 for the death of Robert L. Jenkins (hereafter called decedent), an employee of the Southern Pacific Company.

The action was not brought by decedent's personal representative. It was brought by his widow and minor child. They did not bring it under the Federal Employers' Liability Act,[14] and could not have done so. They never had any right of action under the Federal Employers' Liability Act. Obviously, therefore, this case did not "arise" under that act.

Plaintiffs (decedent's widow and child) were citizens of California. The Southern Pacific Company, was a citizen of Kentucky. The Pullman Company was a citizen of Illinois. The citizenship of the other defendants was not indicated. Between plaintiffs and the Pullman Company there was a separable controversy, that is to say, a controversy which was wholly between them, and which could be fully determined as between them. Therefore, the case was removable[15] and, on the Pullman Company's petition, filed November 20, 1935, was duly and properly removed to the District Court of the United States.

On December 16, 1935, counsel for plaintiffs and counsel for some of the defendants stipulated that decedent's administratrix might be substituted as plaintiff in the place and stead of his widow and child. The administratrix was not a party to the stipulation. Nevertheless, on December 27, 1935, the District Court ordered that she be substituted as plaintiff. She paid no attention to the order. She never appeared, in the District Court or in this court. The substitution order was likewise ignored and disregarded by the original plaintiffs (decedent's widow and

child) and by the District Court itself. The original plaintiffs were permitted to and did, thereafter as theretofore, prosecute the action in their own name. In permitting them to do so, the court, in effect, vacated and set aside the substitution order.

On January 22, 1936, the original plaintiffs filed a motion to remand the case to the state court. The motion was made on the wholly untenable ground that the District Court had no jurisdiction. It was not on the ground that the case was one arising under the Federal Employers' Liability Act § 6, as amended.[16] Even if made on that ground, it would not have been well founded, since, as previously shown, the case did not arise under the Federal Employers' Liability Act. The motion was properly denied.

On December 21, 1936, the original plaintiffs, in consideration of $2,500 paid to them by the Southern Pacific Company, executed and delivered to that company a so-called "covenant not to sue," whereby they, the original plaintiffs, bound themselves "forever to refrain from instituting, pressing, or in any way aiding any claim, demand, action, or cause of action for damages * * * for, on account of, or in any way growing out of * * * the injury or death of [decedent]."

On December 23, 1936, in the probate court having jurisdiction of decedent's estate, the administratrix filed a petition stating that she, the administratrix, had filed this action for damages and had executed the above-mentioned covenant. The statement was untrue. The administratrix had filed no action and had executed no covenant. Her petition prayed for an order confirming the covenant and permitting her to dismiss this action as against the Southern Pacific Company. The probate court made such an order on December 23, 1936.

On December 24, 1936, the original plaintiffs filed in the District Court a motion for dismissal of this action as against the Southern Pacific Company and defendant Dolsen. The motion was granted, and a judgment dismissing the action as against the Southern Pacific Company and Dolsen was entered on December 28, 1936.

The case was tried on December 29, 1936. Judgment was entered on January

---

[14] 45 U.S.C.A. §§ 51–59.

[15] Judicial Code, § 28, 28 U.S.C.A. § 71.

[16] 45 U.S.C.A. § 56.

412

22, 1937. The judgment was against the original plaintiffs. It did not mention the administratrix. The original plaintiffs appealed from the judgment. The administratrix was not a party to the judgment, did not appeal therefrom, and is not before this court, as an appellant or otherwise.

I agree with, and adopt as my own, the trial court's opinion in this case.[17]

The judgment should be affirmed.

---

[17] Jenkins v. Southern Pacific Co., D. C., 17 F.Supp. 820, 823. I reject, however, the inadvertent statement (17 F. Supp. 820, 821) that the action was brought by decedent's widow, "for herself, as executrix of the estate of her deceased husband." There was no executrix. There was an administratrix, but she did not bring or prosecute this action.