## DUDLEY v. SCANDRETT et al.
### No. 9392.

Circuit Court of Appeals, Ninth Circuit.

Nov. 22, 1940.

Frank C. Hanley, of Portland, Or., for appellant.

J. N. Davis, Thos. H. Maguire, and A. J. Laughon, all of Seattle, Wash., and Robert B. Abel, of Tacoma, Wash., for appellees.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant sued under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, to recover for an injury sustained while employed as baggageman by appellee railroad company and its trustees.

At the close of appellant's case, which was being tried to a jury, the court granted appellees' motion for an involuntary dismissal. The principal question here involves the propriety of this order. There is a subsidiary question concerning the exclusion of certain evidence offered by appellant.

Following is a summary of the facts as testified by appellant and another witness: Appellant reported for duty on a passenger train at Tacoma about 7:30 in the evening of October 5, 1936, the train being due to leave at 8:00. He commenced sorting and arranging boxes, packages, and other material belonging to the railroad company, which had been piled in front of and near the door of the baggage car. It was necessary to move this material in order to facilitate the loading of baggage.

Among the material was a smokejack which appellees were shipping to Spokane for use on one of their cabooses. The smokejack, manufactured in the company's shops at Tacoma, was of galvanized iron and was about 7½ feet in length. Encircling the stack were two thin, loosely moveable corrugated discs extending outward 5 or 6 inches and having sharp, raw edges. The jack was not crated or wrapped. Appellant, who had not theretofore handled such a contrivance, had been given no warning of its presence or condition.

The smokejack lay lengthwise of the car near the wall. After removing some sacks and packages about the jack, appellant, in order to remove other packages which were beneath it, upended the jack and leaned it against the wall. As he was taking up the packages the smokejack started to fall. Reaching out to prevent the apparatus from falling appellant struck his left wrist against one of the discs and his flesh was cut to the bone. Darkness had come on at the time appellant went on duty and the baggage car was lighted but dimly. The interior was a dark aluminum color, much the same as the color of the smokejack. Because of lack of time appellant had not inspected the smoke-

jack before moving it and he did not see the disc until after the accident. As a result of the injury appellant contracted systemic blood poisoning, which led, in turn, to further complications.

The negligence charged in the complaint was twofold: (a) That appellees failed to wrap or protect the sharp edges of the circular discs with burlap or other material so that appellant would not come in contact with the same, a precaution customarily taken by appellees; and (b) that appellees failed to warn appellant of the sharp and dangerous plates prior to the time he was required to handle them. In their answer appellees denied negligence and alleged as the sole cause of the injury appellant's negligence in handling the jack. They pleaded also assumption of risk as an affirmative defense.

The motion for a dismissal was based on the ground that appellant had failed to prove actionable negligence on the part of appellees as the proximate cause of the injury, and further that the injury was affirmatively shown to have been due to appellant's own negligence and to risks and dangers assumed by appellant as an incident to his employment.

In granting the motion the trial court observed that "the placing of the jack in the car could not by any stretch of the imagination have been the proximate cause of the injury. It was his [appellant's] act in putting it up in a position where it would fall on him." However, no claim had been made that appellees were negligent in leaving the jack in a dangerous position; fault on their part was predicated, rather, upon their failure to see to it that the contrivance was in a reasonably safe condition for handling, or in the alternative to warn appellant of the danger incident to handling. Clearly, appellant was not expected to leave the smokejack in the place he found it or to refrain from moving it about in preparing the car for the reception of baggage and express matter.

Appellant testified that the disc had a "very sharp edge"—"so sharp you could cut yourself if you practically touched it." The train conductor, who was a witness, testified that the disc had "a raw edge of thin metal." The judge himself, upon showing appellant a pocket knife, was informed that "it [the disc] had a sharp edge like that knife."

Whether, in the circumstances shown, appellees did or failed to do all that common prudence required was a question upon which rational minds might differ. The question was one of fact. We gather that on this point the trial judge was not of a contrary mind; his wrestling was with the problem of proximate cause. But if a prima facie case of negligence on appellees' part had been made out, we think it clear that the question whether their neglect was the proximate cause of the injury or a substantial factor in causing it, Restatement, 2 Torts § 430, Comment a, was for the jury. Milwaukee & St. Paul R. Co. v. Kellogg, 94 U.S. 469, 24 L.Ed. 256; Craine v. Oliver Chilled Plow Works, 9 Cir., 280 F. 954. And assuming that appellant himself was negligent in upending the jack, and that his negligence contributed to the accident, that fact was no bar to recovery but was a circumstance to be considered in mitigation of damages only. 45 U.S.C.A. § 53.

Nor was the showing of assumption of risk so clear as to warrant the granting of the motion. The court could not properly say, as a matter of law, that the danger was so obvious as to be observed and appreciated by a person of ordinary prudence. Chicago, R. I. & P. R. Co. v. Ward, 252 U.S. 18, 40 S.Ct. 275, 64 L.Ed. 430. In this connection appellant had testified that there was not enough light in the baggage car to enable him to read the destination tag on the smokejack when the jack was lying on the floor; and, although he was able to make out the contour of the smokejack, he did not actually see the disc until after the accident.

Since the case must be retried we express our views on a subsidiary question. The court excluded evidence to the effect that on previous occasions the railroad had shipped cross-cut saws, axes and adzes, and that it was customary to protect the sharp edges of such instruments with burlap or wood. It appears to have been thought, as the reason for exclusion, that the knife-like edges of such instruments were not comparable with the unsharpened raw edges of the disc in question. But in the light of the testimony quoted we think this view untenable. 45 C.J. § 821. The evidence should have been received for what the jury might believe it to be worth.

Judgment reversed and a new trial ordered.