LEWIS et al. v. WEIDENFELD et al.

(Circuit Court, E. D. Michigan, S. D.   June 23, 1896.)

No. 3,473.

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

In a proceeding to foreclose a mortgage, a defendant, who is alleged to be personally liable for the deficit, cannot remove the cause from the state court on the ground that the controversy as to his personal liability is a separable one.

Action by Alexander Lewis and another against Camille Weidenfeld and others.   On motion to remand.

The facts sufficiently appear from the opinion.

S. M. Cutcheon, Edwin F. Conely, and Charles A. Kent, for the motion.

John C. Donnelly and William H. Wells, opposed.

SEVERENS, District Judge (orally).   The judgment of the court is in this case that the motion should be sustained.   The grounds on which that judgment is founded are virtually these:   In Michigan a mortgage simply creates a lien on the property, and does not convey the title.   This is a case of an ordinary bill for foreclosure, which states an obligation entered into by the individual defendant as the groundwork of the suit,—the foundation of the debt or obligation for which the lien was created.   It then proceeds to state that the obligor, in the instrument evidencing the debt, gave a mortgage to secure it.   It then states the transfer of the property from the mortgagor to one of the corporate defendants.   It thereupon prays that (having stated the default of the payment of the debt) an inquiry may be made to ascertain the amount due upon the debt and mortgage, and, upon the coming in and confirmation, and ascertaining the amount, that the defendants, or some of them, shall pay the amount thus ascertained to be due; and that, in default of such payment within a limited time, the premises be sold by or under the direction of a commissioner of the court; and that upon the coming in and confirmation of his report, if a deficiency shall be found, then a further order or decree may be had against the party liable for the payment of the principal debt.   This bill is in the ordinary form of foreclosure bills, according to the practice of the chancery courts in the state of Michigan.   The theory of the bill is that the premises mortgaged be subjected to sale for the payment of the mortgage debt, and that, if any deficiency shall exist, a personal remedy may be had against the individuals who have obligated themselves for the payment of the same.   That is the ground upon which the bill is framed, and the object sought to be obtained by the suit.   Now, this petitioner, the individual who it is claimed in the bill is personally liable for the debt, has sought to remove this case from the state court on the ground that the controversy was a separable one,—one which may be fully worked out and determined without the presence of other parties,—and is within the scope of the statute of the United States providing for the removal

of cases upon such grounds. It is to be seen from the allegations in this bill that the prime object of the bill is to foreclose the mortgage and subject the property to sale. The collection of the deficiency is a mere incident. It may turn out, for aught that can now be seen, that there never will be any personal liability enforced in this or any other suit against the party personally liable. But however that may be, and having regard to the objects and purposes of this suit, the claim of the bill, and the relief which is expected to be realized, this controversy is not a separable one from that of the other defendants. The test in these cases is not whether the relief which a complainant or plaintiff (as the case may be) shall be able to reach and gain against one defendant is different from that which he may obtain against another defendant. That is not the test. The test is whether the controversies are so blended and commingled as substantially to involve the same inquiries and conclusions. Now, this mortgage sought to be foreclosed was taken to secure the payment of this very debt. The existence of that debt, and the amount of it, are prime questions to be determined in the case, and lie at the very foundation of the relief; that is to say, the enforcement of the lien, which is the prayer of the bill. This controversy is not a separable one, and not distinguishable from that of the other branches of the controversy or other phases of the same controversy in regard to these other defendants. For these reasons, and confining myself solely to the ground which has been most fully argued, whether this controversy is a separable one from that of the other defendants, I hold that the motion must prevail, and an order may be entered in accordance with this holding.