## CINCINNATI, NEW ORLEANS AND TEXAS PACIFIC RAILWAY COMPANY *v.* BOHON.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 177. Argued December 15, 1905.—Decided January 2, 1906.

*Alabama Southern Railway* v. *Thompson, ante,* p. 206, followed to effect that a railroad corporation, sued jointly with its servant for negligence of the latter for which the former is responsible, may not remove the case into the Federal court unless diversity of citizenship also exists as to the other defendants.

A State has the right by its constitution and laws to regulate actions for negligence; and where it provides, as has been done by § 241 of the constitution and § 6 of the statutes of Kentucky, that a plaintiff may proceed jointly or severally against those liable for the injury, nothing in the Federal removal statute converts such an action into a separable controversy for the purposes of removal, because of the presence of a nonresident defendant therein properly joined under the law of the State wherein it is conducting operations and is duly served with process.

THE facts are stated in the opinion.

*Mr. John Galvin* and *Mr. Edward Colston* for plaintiff in error.

*Mr. John W. Yerkes* and *Mr. Robert Harding* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This case was considered by this court at the same time with the *Alabama Southern Railway Co.* v. *Thompson, ante,* p. 206, just decided, and we need not repeat the discussion therein had as to the construction of the removal act of 1887, under the decisions of this court. This case has an additional feature which we shall proceed to notice. The action was brought by

the defendant in error as administrator of Edward Cook, deceased. The petition charged that the plaintiff's intestate was engaged in the yards as a brakeman and switchman, and was uncoupling and giving attention to the cars of the defendant company, which cars and an engine attached thereto were in charge of the defendant Milligan as engineer engaged in operating, managing and controlling the same for the defendant company, and while plaintiff's intestate was thus engaged the defendant company and the defendant Milligan caught and crushed said Cook's body between the cars of the train, by and through the gross negligence of Milligan and of defendant company, in the operation, management and control of the engine and train; that the injuries to the plaintiff resulted in his death a few minutes thereafter, and when so caught and crushed said Cook was engaged in discharging his duties as brakeman to the defendant company; the death of said Cook was caused as aforesaid by the gross negligence and carelessness of defendant company and Milligan. The railroad company filed its petition in the state court for the removal of the cause to the United States Circuit Court for the Eastern District of Kentucky, upon the ground that there was a separable controversy between the petitioner, a resident and citizen of Ohio, and the plaintiff below, who was a citizen and resident of Kentucky. The Circuit Court of Mercer County refused to remove the case, and a verdict and judgment were rendered for the plaintiff below. Upon appeal to the Court of Appeals of Kentucky, the judgment was reversed for errors occurring at the trial. At a second trial the verdict and judgment were rendered for the plaintiff below, which was again reversed and remanded. On the third trial the verdict and judgment were again rendered for the plaintiff below, which judgment was affirmed by the Court of Appeals of Kentucky. The sole question argued here is as to the correctness of the state court in refusing to order the removal of the cause, which judgment was affirmed by the Kentucky Court of Appeals.

The action for death by negligence is regulated by the Ken-

tucky constitution and statutes. Section 241 of the constitution provides:

"Whenever the death of a person shall result from an injury inflicted by negligence, or wrongful act, then, in every such case, damages may be recovered for such death from the corporations and persons so causing the same. . . ."

Section 6 of the Kentucky statutes reads as follows:

"Whenever the death of a person shall result from an injury inflicted by negligence, or wrongful act, then, in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same, and when the act is willful and the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased. . . ."

This statute undertakes to give an action for negligence against the companies or corporations responsible therefor and their agents or servants causing the same. The statute has been before the Court of Appeals of Kentucky, and in the case of *Winston's Administrator* v. *Illinois Central Railroad Co.*, 111 Kentucky, 954, 957, that court said of the state constitution and this statute:

"The constitution and statutes of this State, as construed by the repeated adjudications of this court, make the railroad company liable for the acts of the agents and servants in charge of its trains. If a servant is guilty of such negligence, while acting for his master as will make the master responsible, then in such a case the servant is personally and equally responsible with the master for the damages resulting from the negligent act. The mere fact that the master may be responsible for the wrongful act of the servant does not relieve the servant from a joint liability with the master for the wrongful act which produced the injury and damage."

In the case under consideration, in the opinion of the court upon the question of right of removal, while it expressed the

view that the weight of authority was in favor of the right to join the master and servant in actions for negligence, it reiterates its former view of the Kentucky statutes, citing *Chesapeake & Ohio Railroad Co.* v. *Dixon's Administrator*, 104 Kentucky, 608, and the *Winston case*, above referred to, and quoted from that case, with approval:

"By the terms of this section, where death results from the negligent act, a recovery may be had therefor against the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same. . . . The plaintiff has a right to proceed severally or jointly against those who are liable for the injury inflicted resulting in death."

We then have a case in which the extent of the right to recover damages for negligence is prescribed by the constitution and statutes of the State of Kentucky, and which the courts of that State have construed to give a joint cause of action against the corporation and its agents or servants causing the same. In a recent case this court had occasion to deal with the question of removal under the separable controversy clause, *Southern Railway Co.* v. *Carson*, 194 U. S. 136, on a writ of error to the Supreme Court of South Carolina. An action had been jointly brought in the state court against the Southern Railway Company, a corporation of Virginia, and Arwood, conductor, and Miller, the engineer, residents of Greenville County, South Carolina, charging the joint and concurrent negligence of the servant and the company, because of a defective coupler and the careless management of the train, and the railroad company claimed to have been deprived of the right of removal by the allegation of a joint and concurrent tort, unless the state court would charge that no recovery could be had unless a joint liability was shown, which it refused to do. After commenting upon the action, the Chief Justice, who delivered the opinion of the court, stated that the right of removal depends upon the act of Congress, that the company upon the face of the pleadings did not come within the act, and had made no effort to assert this right, and citing the passage in *Powers* v.

*Chesapeake & Ohio Railway Co.*, 169 U. S. 92, quoted in the *Alabama Great Southern Railway Co.* v. *Thompson, supra,* said:

"The view thus expressed was reiterated in *Chesapeake & Ohio Railway Co.* v. *Dixon,* 179 U. S. 131, where the subject was much considered and cases cited.    Reference was there made to the fact that many courts have held the identification of master and servant to be so complete that the liability of both may be enforced in the same action.    And such is the law in South Carolina.    *Schumpert* v. *Southern Railway Co.,* 65 S. Car. 332.    In that case it was held that, under the state Code of Civil Procedure, in actions *ex delicto,* acts of negligence and willful tort might be commingled in one statement as causes of injury; that master and servant are jointly liable as joint tort feasors for the tort of the servant committed within the scope of his employment and while in the master's service; that the objection that if master and servant were made jointly liable for the negligence of the latter the master could not call on the servant for contribution, was without merit, as the rule was, as laid down by Mr. Cooley (Torts, page 145), that: 'As between the company and its servant, the latter alone is the wrongdoer, and in calling upon him for indemnity, the company bases no claim upon its own misfeasance or default, but upon that of the servant himself.'    And see *Gardner* v. *Railway Co.,* 65 S. Car. 341.    In *Rucker* v. *Smoke,* 37 S. Car. 377, and *Skipper* v. *Clifton Mfg. Co.,* 58 S. Car. 143, it was decided that in actions such as this exemplary damages may be recovered. The suggestion that the State deprived the company of its property by the rulings of the Supreme Court calls for no remark."

While the case did not show an attempt to remove, the discussion of the subject by the Chief Justice strongly intimates that if the action was properly joint in the forum in which it was being prosecuted it could not be removed as a separable controversy under the act of Congress.    We have under consideration an action for tort which by the constitution and

laws of the State, as interpreted by the highest court in the State, gives a joint remedy against master and servant to recover for negligent injuries. This court has repeatedly ·held that a separable controversy must be shown upon the face of the petition· or declaration, and that the defendant has no right to say that an action shall be several which the plaintiff elects to make joint. (See cases cited in *Alabama Great Southern Railway Co.* v. *Thompson, supra.*) A State has an unquestionable right by its constitution and laws to regulate actions for negligence, and where it has provided that the plaintiff in such cases may proceed jointly or severally against those liable for the injury, and the plaintiff in due course of law and in good faith has filed a petition electing to sue for a joint recovery given by the laws of the State, we know of nothing in the Federal removal statute which will convert such action into a separable controversy for the purpose of removal, because of the presence of a non-resident defendant therein properly joined in the action under the constitution and laws of the State wherein it is conducting its operations and is duly served with process.

*Judgment affirmed.*