### GJERDE v. THELANDER et al.

(District Court, N. D. Iowa, C. D. December 19, 1922.)

No. 63.

1. **Removal of causes ⊂⇒92—Record is to be filed in federal court within 30 days after filing of petition.**

   Under Judicial Code, § 29 (Comp. St. § 1011), the 30 days within which the petitioner for removal is required to file the record in the federal court runs from the date of the filing of the petition and not from the date of the signing of the order of removal by the judge of the state court.

2. **Removal of causes ⊂⇒82—In the absence of separable controversy all defendants must join in petition.**

   Unless a separable controversy exists, it is necessary that all defendants join in a petition for removal, and in case of a separable controversy all defendants who are necessary parties to such controversy must join.

3. **Mortgages ⊂⇒316—Present owner of land held necessary party to suit to reinstate a mortgage thereon given by his grantor.**

   A bill to reinstate a note and mortgage executed by one of the defendants alleged that through the fraud of such defendant a novation was effected by which his note and mortgage were surrendered and a note and

mortgage executed by a grantee of the mortgaged land substituted, which it was prayed might be canceled. *Held*, that such grantee, who was the present owner, was a necessary party.

In Equity. Suit by Ole Gjerde against A. G. Thelander and others. On motion to remand to state court. Granted.

Thompson, Loth & Lowe, of Forest City, Iowa, for plaintiff.
Kelleher & Mitchell, of Ft. Dodge, Iowa, for defendants.

SCOTT, District Judge. The above cause came before the court on the plaintiff's motion to remand at the November, 1922, term, and on the 16th day of said month was submitted with permission to parties to file briefs of authorities. Briefs have been filed and considered. From the record it appears that the plaintiff, Ole Gjerde, filed his petition in equity against A. G. Thelander, H. O. Swingen, and Albert A. F. Fuchs, in the district court of Iowa for Winnebago county, on May 3, 1922, for the September term, which convened September 5th. On or before the 5th day of September, the defendant A. G. Thelander appeared and filed his petition for the removal of said cause to the District Court of the United States for the Northern District of Iowa, alleging a diversity of citizenship between the plaintiff and himself and the defendant Albert A. F. Fuchs, and that the defendant H. O. Swingen is merely a nominal and sham party defendant in said suit. The petition for removal also alleges the necessary jurisdictional amount for removal purposes.

The petitioner for removal also undertakes to allege a separable controversy, and in connection therewith states:

"That both the plaintiff and this defendant are actual parties to said controversy and interested therein, and no other person or party is interested therein. That for the determination of the said controversy, all as is more fully shown in the pleadings on file, there is no necessity for the presence of any other parties, *and in any event no necessity or propriety in the joinder of any other party thereto than the said Albert A. F. Fuchs, a resident, citizen, and inhabitant of the state of Minnesota.*"

The plaintiff moves to remand the cause upon nine different grounds; however, only two will be noticed herein. Plaintiff's first ground is that the transcript of record was not filed with the clerk of this court within 30 days from the date of the filing of petition for removal in the state court. The record is uncertain as to whether the petition for removal was filed on the 5th day of September, as noticed, or several days prior thereto. I therefore assume it was filed on the 5th of September. The transcript of record was not filed in this court until October 17th. Affidavits and counter affidavits are filed in an attempt to excuse and defeat the excuse of the delay.

[1] The showing indicates on the whole that the removing defendant's counsel gave his order for the transcript about the 21st of September, or nearly three weeks after the filing of the petition, although within three days from the day the order of removal was signed by the state court. Some discussion is found in the briefs upon this point. However, it is not the date of the signing of the order of removal by the state court that controls, but the date of the filing of the petition for removal. If any other rule were permitted, it would enable

the state court, or moving parties, by delaying presentation of the moving papers and request for order, to toll the time of docketing in the federal court. However, it is a matter largely of discretion with this court as to the sufficiency of showing of excuse, and this court would not be inclined to assume a harsh attitude in this respect, were there no other fatal objections to retaining jurisdiction.

[2] I think we may start with the fundamental proposition that, unless a separable controversy exists, it is necessary that all defendants join in the petition for removal. Railway Co. v. Martin, 178 U. S. 248, 20 Sup. Ct. 854, 44 L. Ed. 1055; Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303; Gableman v. Railway Co., 179 U. S. 337, 21 Sup. Ct. 171, 45 L. Ed. 220. The petition for removal in this case is filed by a single defendant, A. G. Thelander. The question now is whether there is a separable controversy between the defendant A. G. Thelander and the plaintiff. Counsel for removing defendant seem to have had a little hesitancy touching this question on their part, for they allege:

"And in any event no necessity or propriety in the joinder of any other party thereto than the said Albert A. F. Fuchs, a resident, citizen, and inhabitant of the state of Minnesota."

Of course, if the defendant Albert A. F. Fuchs was a necessary defendant, he would also be a necessary party to the petition for removal, and he did not join in such petition.

[3] The suit is brought in equity to revive and reinstate a note for $11,800, executed by A. G. Thelander, and a mortgage executed by the same defendant upon certain lands in Winnebago county, Iowa. The petition in substance alleges the execution of the note and mortgage by Thelander to the plaintiff, which mortgage was a second mortgage, and contained the provisions that it should be temporarily released to permit the reviving of the first mortgage, which was shortly to mature. It is further alleged that, when the time came for such transaction, Thelander had conveyed by warranty deed the land to the defendant Albert A. F. Fuchs, and to solve the complication, upon certain false representations by Thelander's agent, a novation of the indebtedness and security was agreed upon, by the terms of which Fuchs, the purchaser from Thelander, executed his promissory note and mortgage on the land in question to the plaintiff, and Thelander's note and mortgage were canceled and delivered up. There is no allegation in the petition that Fuchs was a party to the fraud, but plaintiff's petition does show that defendant Fuchs executed and delivered the existing note and mortgage, which plaintiff now endeavors to rescind, and that he owns the land upon which plaintiff now endeavors to revive and reinstate the original mortgage. In these circumstances, in the opinion of the court, Fuchs was a necessary defendant. He was a party to the novation, which it is alleged was procured by fraud, and which plaintiff seeks to rescind, but was not a party to the fraud. He is the owner of the land in controversy.

In view of this situation, it is my opinion that the case must be remanded; and it is so ordered.