**PERRY MOTORS v. CHRYSLER CORPORATION et al.**

No. 4853.

District Court, N. D. Texas, Dallas Division.
March 7, 1936.

Leake, Henry & Young and Hawkins Golden, all of Dallas, Tex., for the motion.

Thompson, Knight, Baker & Harris, of Dallas, Tex., opposed.

ATWELL, District Judge.

While the petition may be vulnerable to special demurrer in some particulars, it does, in a large way, allege that the plaintiff had a contract with the motor defendants, which had approximately twenty years of remaining life. That while the plaintiff had been selling the products of such companies, it had built up a valuable good will and personnel for the full and satisfactory performance of its business as a dealer in Chrysler, Dodge, Plymouth, and De Soto motors. That it had made substantial investments and expenditures. That by reason of the wrongs of said defendants, such good will and personnel passed to the defendants, and that the plaintiff's losses were in the sum of $3,000,000. That the motor defendants, "proceeded to institute and establish another dealership for the purpose of selling Dodge automobiles, and likewise Plymouth automobiles, in the city and county of Dallas, Texas, and to that end solicited the defendant, English Brothers, and were in turn solicited by said defendant English Brothers, to breach the contract of plaintiff * * * and to establish said English Brothers as such Dodge and Plymouth dealer in the city of Dallas, Texas, and surrounding counties, and thereby prevent plaintiff from obtaining the reasonable and necessary number of sales on the said Dodge and Plymouth automobiles as required by its business * * * and that the said defendant, English Brothers, and the other defendants herein, did on or about the date aforesaid, conspire, connive and enter into a combination between and among themselves to breach the said contract of plaintiff, and to prevent the performance thereof, and to defeat the plaintiff in the recoupment of its investment and expenditures as aforesaid, and the earning of profits accruing therefrom, and that the said defendants, by reason of such conspiracy, connivance, and combination, have breached said contract of plaintiff, and have defeated and prevented said plaintiff from recouping its said expenditures and investments made in reliance thereon, and from gaining profits and fruits thereof, and that all of said matters were done and performed by the defendants and each of them, with full and complete knowledge of the existence, terms, obligations, rights, benefits and privileges of the said contract, and that the defendants herein were tort feasors in occasioning, causing and accomplishing said breach or breaches of said contract. * * * The said defendants and each of them have thereby acquired and become the owner of the good will by the said plaintiff created, and have become the beneficiaries and the owners of the as-

sets, capital, funds, borrowed capital and good will of the plaintiff, to this plaintiff's damage. * * * "

In the prayer, judgment is asked against the defendants and each of them, jointly and severally, for $3,000,000.

These allegations of joint wrong were made in a suit brought in the state court against the Chrysler Corporation, the De Soto Motor Corporation, Dodge Brothers, the Plymouth Motor Corporation, and English Brothers. The first four are nonresidents and the latter resides in Texas. The first four had certain contracts for the distribution of their respective automobiles, with the plaintiff. This contract is charged to have been breached. In that breach the English Brothers Corporation is alleged to have taken part by "solicitation, connivance and conspiracy." The English Brothers becoming thereafter the dealers in certain of the products and "benefiting by the good will and personnel established by the plaintiff."

The petition for removal charged fraud in the joinder of the local citizen, and contended that the controversy was separable.

Learned counsel have presented such cases as Hamilton v. Empire Gas & Fuel Co. (C.C.A.) 297 F. 422; Sklarsky v. Great Atlantic & Pacific Tea Co. (D.C.) 47 F.(2d) 662; Genuine Panama Hat Works v. Webb et al. (D.C.) 36 F.(2d) 265; Branchville Motor Co. v. American Surety Co. (D.C.) 27 F.(2d) 631.

The strongest of these cases, since it is by a Circuit Court of Appeals, is Hamilton v. Empire Gas & Fuel Co. In that case, however, it is clearly indicated that two causes of action were presented, i. e. (a) on contracts; (b) a joint cause of action in tort. Under the law of Kansas, a plaintiff might unite several causes of action in the same petition, but such causes must affect all the parties to the action. It was therefore held that the breach of the contract related alone to the parties thereto, while the tort which related to the contract included parties to the contract, as well as parties who had counseled its breach.

The statute that we are studying provides that, when there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove.

■ The controversy in this case is charged to be the joint participation of all of the defendants in the breach of a contract which belonged to the plaintiff. That participation is alleged to have been by joint solicitation of both English Brothers and the original makers of the contract. That is the controversy that is pleaded. Under the jurisprudence of Texas, a controversy of that sort is permitted as a joint action against both the party to the contract and the tort-feasor who was not a party, and they are denominated as joint tort-feasors. More than thirty years ago, the Supreme Court of Texas, in Raymond v. Yarrington et al., 96 Tex. 443, 72 S.W. 580, 73 S.W. 800, 62 L.R.A. 962, 97 Am.St.Rep. 914, announced the rule that persons who knowingly induce one to break his contract with another, give the other a cause of action against them both for damages resulting from such breach. That doctrine has become a part of the settled law of the state and has been frequently announced. Brown Hardware Co. v. Indiana Stove Works, 96 Tex. 453, 73 S.W. 800; Lytle v. Galveston, H. & S. A. R. Co. 100 Tex. 292, 99 S.W. 396, 10 L.R.A.(N.S.) 437; Acme Brick Co. v. West (Tex.Civ.App.) 215 S.W. 476; Bowen v. Speer (Tex.Civ. App.) 166 S.W. 1183.

■ Likewise, it is the law in Texas that a suit for the breach of a contract and for another tort, when they arise from the same transaction, may be joined as against defendants responsible for the result. Harris v. Cain, 41 Tex.Civ.App. 139, 91 S.W. 866; Hooks v. Fitzenrieter, 76 Tex. 277, 13 S.W. 230; Houston & T. C. R. Co. v. Shirley, 54 Tex. 125.

In the case of Lake v. Texas News Company (D.C.) 51 F.(2d) 862, 863, it was said that "Where the matters in controversy in a suit are by the practice in the state where the suit is filed regarded as suable in one action, because relating to the same transaction or subject-matter, and therefore presenting one primary controversy between the parties to it, such suit does not present a separable controversy as to any of them, though at common law the causes of action would have been severable and not joint." In that suit, it is true, Judge Hutcheson makes use of the case of Cincinnati, etc., R. Co. v. Bohon, 200 U.S. 221, 225, 26 S.Ct. 166, 50 L.Ed. 448, 4 Ann. Cas. 1152. It will be recalled that that particular case was ruled by the Supreme Court on the theory that a separable con-

troversy would not appear, if by the Constitution and the laws of the state as interpreted by the highest court in the state, a joint remedy was given. That was a negligence case where both the master and the servant were sued.

It would be optional to class this suit as one containing a separable controversy when the pleader has taken advantage of his right to join all of the actors in the alleged wrong. As it happens, all of the defendants are able to respond to any damages that may be alleged, but it ought never be true that a rule of law is dependent on the ability of a party to pay. In other words, the party who induces a breach of a contract might be solvent, while the party to the contract is insolvent, and if they could not be joined in an action, by the sufferer, a wrong might be committed.

I realize that a state can do nothing through its statutes or rules which will defeat the right of removal to a national court, when such right is given by the Congress. Uniformity throughout the states, regardless of local rules of practice, is highly important. But where two or more parties join in a wrongful act, the court is not justified in requiring the sufferer to proceed in any other way than by a joint action, if that is his choice. Chesapeake & O. R. Co. v. Cockrell, 232 U. S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544; Murphy v. Johnson (D.C.) 49 F.(2d) 410, 413.

The testimony taken upon the question of fraudulent joinder does not support the allegation.

It follows that the plaintiff had a right to choose its forum to bid the defendants to fight a joint battle, and since one of them is a resident of the same state with the plaintiff, the cause must be remanded.