## GILMORE et al. v. UNITED AIR LINES TRANSPORT CORPORATION et al.

### No. 20299–S.

District Court, N. D. California, S. D.

Aug. 30, 1937.

Heller, Ehrman, White & McAuliffe, of San Francisco, Cal., for plaintiffs.

Jesse H. Steinhart and John J. Goldberg, both of San Francisco, Cal., for defendant United Air Lines Transport Corporation.

ST. SURE, District Judge.

Plaintiffs brought suit in the state court against defendants as joint tort-feasors, charging them with negligence which

caused the death of J. Franklin Gilmore. The case was removed to this court under the provisions of sections 28 and 29 of the Judicial Code, 28 U.S.C.A. §§ 71, 72. Motion to remand is made upon the ground that the complaint does not state a separable controversy within the established rule.

Plaintiffs elected to prosecute a joint action for concurrent negligence against defendants under permissible state procedure. Section 427, Code of Civil Procedure of California. It is well settled that "a state has an unquestionable right * * * to regulate actions for negligence, and where it has provided that the plaintiff * * * may proceed jointly or severally against those liable for the injury, and the plaintiff, * * * in good faith, has filed a petition electing to sue for joint recovery, * * * we know of nothing in the Federal removal statute which will convert such action into a separable controversy for the purpose of removal." Cincinnati, etc., R. Co. v. Bohon, 200 U.S. 221, 26 S.Ct. 166, 168, 50 L.Ed. 448, 4 Ann.Cas. 1152. For the purpose of determining the removability of the cause, the case must be such as the plaintiff has made in good faith in his pleadings. He may choose his own method of procedure, and even though he misconceives his cause of action and has no right to prosecute the defendants jointly, yet his pleadings are to determine the separability of the controversy. Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann. Cas. 1147.

The language of the complaint which is to determine the character of the controversy here is as follows: "On February 9, 1937, J. Franklin Gilmore took passage and was riding as a passenger for hire between said Burbank and said Mills Field in an airplane exclusively owned, operated, managed and controlled by defendant United Air Lines Transport Corporation. During said flight and at or about 8:58 o'clock P. M. on said date, said defendant so carelessly and negligently maintained, operated, managed and controlled said airplane that said airplane fell into the waters of San Francisco Bay adjacent to said Mills Field in said San Mateo County and thereby said J. Franklin Gilmore was thrown into the waters of San Francisco Bay, and defendant City and County of San Francisco so carelessly and negligently maintained and operated said airport that it failed to provide rescue facilities for the rescue of said J. Franklin Gilmore and failed to rescue said J. Franklin Gilmore; and by and through said negligence and carelessness of said defendants and each of them, as herein set forth, said J. Franklin Gilmore died in the waters of San Francisco Bay."

The above allegations are quite similar in phraseology to the pleadings described in Chicago, R. I. & Pac. Ry. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090, and also in Hay v. May Department Stores Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965, both actions for damages for concurrent negligence and in both of which the Supreme Court held that no separable ground of controversy was presented.

The fact that some only of the defendants may be liable, or that their relations to the injury are not identical, will not create a separable controversy. King v. City of Beaumont (D.C.) 296 F. 531. Where there is no concert of action but independent acts of negligence of the defendants unite and proximately cause the wrong, each is responsible, even though the act or neglect of one alone might not have caused the injury. Adams v. Tolerton et al. (D.C.) 22 F.(2d) 863. "The fact that one party is not primarily responsible for the act of the other can have no effect upon the right of joinder. This situation is present in most cases of concurrent negligence where there is no concert of action nor unity of purpose." It is not necessary that the complaint allege in terms that the acts of negligence were joint and concurrent. Watson v. Chevrolet Motor Co. (C.C. A.) etc., 68 F.(2d) 686, 689.

The decisions of the appellate courts of California are in accord with those of the Federal courts on the question of joint and concurrent negligence. See Hill v. Peres, 136 Cal.App. 132, 28 P.(2d) 946; Dow v. Sunset Tel. & Tel. Co., 162 Cal. 136, 121 P. 379; Sawdey v. Producers' Milk Co., 107 Cal.App. 467, 290 P. 684.

The motion to remand will be granted.