### ELLIS v. PEAK et al.
#### No. 5139.

District Court, N. D. Texas, Dallas Division.
April 8, 1938.

L. L. Montgomery, of Dallas, Tex., for the motion.

Malone, Lipscomb, White & Seay and Hamilton, Lipscomb & Wood, all of Dallas, Tex., opposed.

ATWELL, District Judge.

The plaintiff brought her suit in the state district court in trespass to try title and for damages. The defendant impleaded the Jefferson Standard Life Insurance Company. The plaintiff is a resident of Texas, as is the defendant, Peak. The life insurance company is a resident of the state of North Carolina. In the impleading cross-action it was alleged that the Jefferson Standard Life Insurance Company had conveyed the land to the defendant for a valuable consideration and had bounden itself to warrant and forever defend the same against every person whomsoever lawfully claiming or to claim the same or any part thereof. Further, that if the plaintiff should prevail against her the insurance company would be responsible to her on its warranty, and that it should be required to defend the title so conveyed and warranted. In the event the plaintiff should recover, that the defendant, Peak, should then have judgment over against the insurance company.

Without being served the insurance company removed the cause to this court alleging a diversity and a separable controversy, showing that its liability as warrantor is in the sum of $24,000.

The plaintiff moved to remand, which motion was overruled. Upon further consideration the court asked further argument.

■ A Texas state statute, article 7368, provides, "When a party is sued for lands, the real owner or warrantor may make himself, or may be made, a party defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action." When the plaintiff sued here, she was charged with notice of that statute. The defendant made her warrantor a party. That such warrantor was not served is immaterial. When impleaded it had a right to waive service. It having filed an answer and subjected itself to the jurisdiction of the national court, it is too late to suggest that there is no allegation, in the warrantee's complaint against it, that it was "doing business" in Texas. These thoughts do not mean that lack of jurisdiction in the state court, at the time of removal, will be remedied by removal. The nonresident defendant, the one who has the right to claim removability, while not voluntarily entering, may accept service and thus ignore an irregularity in that regard.

■ When the warrantee exercised her statutory right of impleading her warrantor, there was a separable controversy so far as the controversy between the plaintiff and the warrantor is concerned. The warrantee, upon being sued under the statute above mentioned, had the legal right to vouch into that same case her warrantor. Such an action is contemplated by the state practice. The warrantor had no controversy or privity of contract, nor any part in the tort alleged by the plaintiff against the defendant warrantee. The warrantor's controversy was solely with the warrantee, ex contractu. The statute permitted the union of the tort and the action ex contractu, but the action on the contract between the warrantor and the warrantee, though contingent upon the success of the plaintiff in the action on the tort, was wholly separable therefrom.

■ More than a half century ago Chief Justice Pardee, in Greene v. Klinger, C.C., 10 F. 689, sitting at Circuit, in the Eastern District of Texas, upheld a removal precisely like this one. That case was decided shortly after Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514, which supported the right of the nonresident impleaded defendant to take the whole case to the National Court. Of course, that right is no longer recognized as a novelty. It is the practical and correct thing to do.

The case of City of Waco v. United States Fidelity & Guaranty Company et al., 5 Cir., 76 F.2d 470, is cited by counsel here as an unanswerable authority for remanding this case. The facts are shown rather meagerly in the opinion, but if we turn to the previous opinion in 5 Cir., 67 F.2d 785, and Id., 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244, we find the pertinent facts stated by Mr. Justice Roberts as follows: "Curtis Boggs, a citizen of Texas, brought suit in a state court against Combs & Glade, contractors, citizens of Texas, and the city of Waco, Texas, for damages asserted to have been caused by collision with a street obstruction. The City by cross-action vouched in the Fidelity Company, respondent, a citizen of Maryland, surety on a bond of Combs & Glade, alleging that company was liable under the bond to pay whatever amount might be adjudged due by the City by reason of the fault of the contractors. The City prayed that if, upon the trial, the plaintiff should recover against it, judgment over should be rendered against the company for a like amount."

This statement shows, beyond debate, that the city was suing the surety company for reimbursement for the identical damages

which were claimed by the plaintiff against the city. That is, simple indemnity. Clearly, that is not the sort of action that we are considering here. The warrantee here has no right whatever as against the warrantor, for anything that the plaintiff may recover from her, save and except the land that the warrantor sold to her. · A careful inspection of Olds Wagon Works v. Benedict, 8. Cir., 67 F. 1, shows that an' intervener voluntarily made itself a party defendant in the state court, alleging that it was eventually liable on the bond sued upon and prayed . that it be allowed to defend, in order to protect its own interests. It then sought to remove. It was held that there was but one controversy there, namely, the amount of damages recoverable on the bond declared upon, and that a nonresident voluntarily appearing in the state court had no removal rights. The case of Lomax v. Lumber Company, 5 Cir., 174 F. 959, was a declaration for identical relief against the resident and nonresident defendants, a joint cause of action. See, also, Murphy v. Johnson, D.C., 49 F.2d 410; Perry Motors v. Chrysler Corporation et al., D.C., 13 F.Supp. 845.

■ The general rule, as laid down in 54 C. J. 312, § 217, is that a new party, brought in by cross-bill or cross-complaint, against whom defendants seek affirmative relief, not involved in the original proceeding may remove for diversity of citizenship, where the other jurisdictional requisites are present. See, also, page 291.

In Habermel v. Mong, 6 Cir., 31 F.2d 822, 825, 67 A.L.R. 216, certiorari denied 280 U. S. 587, 50 S.Ct. 37, 74 L.Ed. 636, it was said that: "No case has held that a new party brought in by a cross-bill, as against whom the original defendants. ask affirmative relief not involved in the original proceeding, may not remove the entire cause." The Fifth Circuit, in Little Six .Oil Company v. Noble, 17 F.2d 728, said that: "Where one of two defendants was a nonresident and the other a corporation of the state of which complainant was a citizen, and there was no contractual relation between the latter and complainant, but its liability, if any, was secondary and contingent, growing out of an agreement with its codefendant to assume his liability under a contract with complainant, there was no joint liability, and the cause was removable by the nonresident defendant, between whom and complainant there was a separable controversy." Compare Gainesville v. Brown-Crummer Invest-

ment Company, 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781.

I think the case has been properly ruled, and the order to remand will stand as made.