HAROLD GOODMAN, PLAINTIFF, v. GRACE IRON & STEEL CORPORATION, A CORPORATION OF THE STATE OF NEW YORK, AND LOUIS VOLPE, DEFENDANTS.

Submitted April 29, 1940—Decided May 10, 1940.

Before Justice HEHER, at the Passaic Circuit.

For the plaintiff, *Ben S. Shipman.*

For the petitioning defendant, *Collins & Corbin.*

HEHER, J. There is a conceded diversity of citizenship between plaintiff and the corporate defendant; and the question for decision is whether the pleadings exhibit a separable controversy wholly between these parties "which can be fully determined as between them," within the intendment of section 28 of the Federal Judicial Code. 28 *U. S. C. A.*, § 71. It must be resolved in the affirmative.

. The complaint is in two counts: The first charges the corporate defendant with liability (a), under the doctrine of *respondeat superior,* for the negligence of its servant and co-defendant, Volpe, in the operation of a magnetic crane or derrick on its premises in the City of Passaic, and (b) for primary negligence, in that "it knowingly permitted and caused to be operated * * * the aforesaid crane in a defective and improper condition, * * * and in a state of disrepair so as to constitute a danger and menace to the plaintiff," and so forth, and "failed to properly keep said crane in a state of repair" and "to warn plaintiff of the dangerous condition * * *." The second avers that the servant, Volpe, was guilty of negligence (a) in the use of the instrument, and (b) in that he also "knowingly permitted and caused to be operated * * * the aforesaid crane in a defective and improper condition, in a state of disrepair," and so on, and "failed to properly keep said crane in a state of repair" and "to warn plaintiff of the dangerous condition * * *."

The complaint does not set forth a joint action. The first count pleads a cause of action against the corporate defendant only, and the second avers a cause of action against its servant alone. While the first count alleges, in paragraphs 5 and 6, that the "defendants" were under a duty of reasonable care, and violated it, the averments of the count in their entirety, especially when considered in the light of the second count, reveal a purpose to plead a cause of action against the corporation only. If the object of the first count was to charge joint negligence, there would seem to be no need for the second count, for the allegations thereof respecting the use of the crane with knowledge of its dangerous condition, failure

to maintain it in a state of repair and to warn plaintiff of the "dangerous condition," could have been made the subject of an accusation of joint liability in the first count.

Whatever the purpose, the pleader plainly designed to charge negligence against the defendants severally and not jointly. There is no averment of concurrent negligence. In fact, separate and distinct causes of action are pleaded. The jury might well conclude that the individual defendant was free from negligence in the use of the machine, and that the corporate defendant was liable under the allegation that it supplied a dangerous instrument to its servant, who remained unaware of the danger. See *Goekel* v. *Erie Railroad Co.*, 100 *N. J. L.* 279. The common allegation that defendants each had knowledge of the dangerous condition of the machine is not decisive, since plaintiff chose to charge defendants severally with negligence, combining the pleaded separate causes of action in one suit. Having thus elected, by separate counts, to charge the defendants severally with negligence, plaintiff will not be heard to say on this motion that his injuries were the proximate consequence of their joint and concurrent negligence. Such is not the allegation of the complaint. Under rule 52 of the Supreme Court, separate counts are employed for the pleading of "separate and distinct causes of action (as distinguished from separate claims for relief founded on the same cause of action or transaction) * * *." See *Silber* v. *James Drug Stores*, 124 *N. J. L.* 401.

It is the settled rule in this state, entirely apart from the provisions of the Practice act of 1912 (*Pamph. L.*, *p.* 377; *R. S.* 1937, 2:27-1 *et seq.*) and the rules promulgated pursuant thereto, that, "where an injury is caused by the negligence of an agent, acting in the line of his employment, the action may be joint against such agent and his principal, or may be separate against either * * *." *Whalen* v. *Pennsylvania Railroad Co.*, 73 *N. J. L.* 192; *Davis* v. *Groner*, 98 *Id.* 873. See, also, *Chesapeake and Ohio Railroad Co.* v. *Dixon*, 179 *U. S.* 131; 21 *S. Ct.* 67; 45 *L. Ed.* 121; *Alabama G. S. R. Co.* v. *Thompson*, 200 *U. S.* 206; 26 *S. Ct.* 161; 50 *L. Ed.* 441. Compare *Weinrib* v. *Ohmer Register Co., Inc.*, 122 *N. J. L.* 524.

The cause of action, as regards the right of removal, is "whatever the plaintiff declares it to be in his pleadings." He "may elect his own method of attack, and the case which he makes in his declaration, bill, or complaint, that being the only pleading in the case," is determinative of the separable character of the controversy. He "may elect his own manner of bringing his action, and must stand or fall by his election." The test of a separable controversy "is the cause of action stated in the complaint." The cause of action must be regarded as joint or several, according as the plaintiff has averred the same to be in his complaint. *Louisville and N. R. Co.* v. *Ide,* 114 *U. S.* 52; 5 *S. Ct.* 735; 29 *L. Ed.* 63; *Pirie* v. *Tvedt,* 115 *U. S.* 41; 5 *S. Ct.* 1034, 1161; 29 *L. Ed.* 331; *Louisville and N. R. Co.* v. *Wangelin,* 132 *U. S.* 599; 10 *S. Ct.* 203; 33 *L. Ed.* 474; *Powers* v. *Chesapeake and Ohio Railroad Co.,* 169 *U. S.* 92; 18 *S. Ct.* 264; 42 *L. Ed.* 673; *Chesapeake and Ohio Railroad Co.* v. *Dixon, supra; Alabama G. S. R. Co.* v. *Thompson, supra; Cincinnati, N. O. and T. P. R. Co.* v. *Bohon,* 200 *U. S.* 221; 26 *S. Ct.* 166; 50 *L. Ed.* 448; *Illinois Central Railroad Co.* v. *Sheegog,* 215 *U. S.* 308; 30 *S. Ct.* 101; 54 *L. Ed.* 208; *Chicago, R. I. and P. R. Co.* v. *Dowell,* 229 *U. S.* 102; 33 *S. Ct.* 684; 57 *L. Ed.* 1090; *Beal* v. *Chicago, B. and Q. R. Co.,* 298 *Fed. Rep.* 180; *Trivette* v. *Chesapeake and Ohio Railroad Co.,* 212 *Id.* 641; *Cayce* v. *Southern Railroad Co.,* 195 *Id.* 786; *Adderson* v. *Southern Railroad Co.,* 177 *Id.* 571; *American Bridge Co.* v. *Hunt,* 130 *Id.* 302; *Jennings* v. *Southern Railway Co.,* 40 *Fed. Rep.* (2d) 951; *Liebesman* v. *Ackerson,* 112 *N. J. L.* 31.

The question of whether the pleaded cause of action is joint in character is one for adjudication by the state court. *Chicago, R. I. and P. R. Co.* v. *Dowell, supra; Illinois Central Railroad Co.* v. *Sheegog, supra.* And, unless the jurisdictional facts upon which the right of removal depends, are exhibited by the record (which includes the petition for removal), the state court is not bound or authorized to surrender its jurisdiction. If the jurisdictional facts are not thus made to appear, the federal court cannot take cognizance of the cause. *Powers* v. *Chesapeake and Ohio Railroad Co.,*

*supra.* Upon the filing of a petition for removal, a question of law as to its sufficiency only is presented to the state court. If a question of fact arises upon the petition, it is exclusively cognizable in the federal court. *National S. S. Co.* v. *Tugman,* 106 *U. S.* 118; 1 *S. Ct.* 58; 27 *L. Ed.* 87; *Stone* v. *South Carolina,* 117 *U. S.* 430; 6 *S. Ct.* 799; 29 *L. Ed.* 962; *Carson* v. *Hyatt,* 118 *U. S.* 279; 6 *S. Ct.* 1050; 30 *L. Ed.* 167; *Crehore* v. *Ohio and M. R. Co.,* 131 *U. S.* 240; 9 *S. Ct.* 692; 33 *L. Ed.* 144; *Carson* v. *Dunham,* 121 *U. S.* 421; 7 *S. Ct.* 1030; 30 *L. Ed.* 992; *Madisonville Traction Co.* v. *St. Bernard Min. Co.,* 196 *U. S.* 239; 25 *S. Ct.* 251; 49 *L. Ed.* 462; *Chicago, R. I. and P. R. Co.* v. *Dowell, supra; Illinois Central Railroad Co.* v. *Sheegog, supra; George Weston, Ltd.,* v. *New York Central Railroad Co.,* 115 *N. J. L.* 564.

Where two or more defendants are charged with negligence, the concurrence of the wrongful acts in producing the asserted injury does not necessarily follow from allegations that each was negligent; and, if concurrent negligence is relied upon to render the defendants answerable as joint *tort feasors,* that is an element to be pleaded. *Chesapeake and Ohio Railroad Co.* v. *Dixon, supra.*

Motion granted.