**BARFIELD v. SOUTHERN RY. CO. et al.**

**C. A. No. 361.**

District Court, W. D. South Carolina, Spartanburg Division.

Dec. 7, 1942.

Barron, Barron & Walker, of Union, S. C., for plaintiff.

S. R. Watt, of Spartanburg, S. C., for defendant Southern Ry. Co.

Evans, Galbraith & Holcombe, of Spartanburg, S. C., for defendant Railway Express Agency.

WYCHE, District Judge.

This action was removed to this court from the Court of Common Pleas of Union County upon the petition of the defendant, Railway Express Agency, on the ground that the action involves a separable controversy, wholly between Railway Express Agency, a citizen of the State of Delaware, and the plaintiff, a citizen of the State of South Carolina, which can be fully determined as between them, without the presence of the defendant, Southern Railway Company, and is now before me upon plaintiff's motion to remand.

The plaintiff is a citizen of the State of South Carolina, and both defendants are nonresidents of this State. It is alleged in the complaint that the injuries suffered by the plaintiff, for which he seeks damages, were the direct and proximate results of the separate, joint and concurrent acts of negligence and wilfulness on the part of the defendant in the nine particulars set forth therein. Both defendants were properly served on July 17, 1942, and both defendants answered in the State Court after the petition and bond for removal had been filed. The Southern Railway Company did not join in the petition for removal.

■■ In my opinion, the allegations of the complaint make out a joint cause of action against the defendants, and contains no separable controversy between the plaintiff, and the defendant, Railway Express Agency. Forrest v. Southern Ry. Co., D. C., 20 F.Supp. 851. This cause cannot, therefore, be removed to this court on the ground of separable controversy. Nor can it be removed on the ground of diversity of citizenship, because it is well settled that where an action is brought against two or more defendants in a state court on a joint cause of action, and all have been served with process, or have appeared, such suit cannot be removed to a federal court, unless all the defendants join in the petition for removal. Chicago, R. I. & P. R. Co.

v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L. Ed. 334; Hensley v. Green, D.C., 36 F. Supp. 671.

■ In this case both defendants were served with process, but the defendant, Southern Railway Company, did not join in the petition for removal.

The motion to remand should, therefore, be, and it hereby is, granted.