**BACHMAN v. SEABOARD AIR LINE R.
CO. et al.**

Civil Action No. 1954.

United States District Court
E. D. South Carolina
Columbia Division.

Dec. 2, 1948.

George Bell Timmerman, Jr., and T. C. Sturkie, both of Lexington, S. C., and J. Austin Latimer, of Washington, D. C., for plaintiff.

J. B. S. Lyles, of Columbia, S. C., Charles T. Abcles, of Norfolk, Va., John D. Carroll, of Lexington, S. C., and John H. Lumpkin, of Columbia, S. C., for defendant Seaboard Air Line R. Co.

R. Milo Smith, of Lexington, S. C., for defendants W. A. Smith and Frank J. Lorick.

WYCHE, Chief Judge.

This action was brought in the court of common pleas for Lexington county, South Carolina, and within due time, by appropriate proceedings, removed to this court upon the ground of separable controversy. The matter comes before me now upon motion to remand.

Whether a separable controversy exists or not must be determined from an analysis of the complaint. In examining the complaint I must determine what the subject matter is, and the object which is sought by the plaintiff in his pleadings. The question as to whether or not a complaint, which is filed in the state courts, states a joint cause of action, is determined by the state laws, and that if there is a joint liability the plaintiff has the absolute right to enforce it, irrespective of the reasons that makes him wish to assert the right. Chicago, R. I. & Pac. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Chicago, Rock Island & P. Ry. Co. v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 364. This is true even though plaintiff may have misconstrued his cause of action and had no right to prosecute his claim against defendants jointly.

The federal courts have restricted rather than enlarged the classes of cases on which the right of removal can be exercised on the ground that there is a separable controversy. Since the passage of the Act of 1887, 24 Stat. 552, they have steadily sought to limit rather than extend their jurisdiction. In my opinion the court meant to hold, and did hold in the cases of Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 212, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147, and Cincinnati N. O. & Texas Pacific Ry. Co. v. Bohon, 200 U.S. 221, 26 S.Ct. 166, 50 L.Ed. 448, 4 Ann.Cas. 1152, that where the matters in controversy in a suit are by the practice in the state where the suit is filed regarded as suable in one action because relating to the same transaction or subject matter, and, therefore, presenting one primary controversy between the parties to it, such suit does not present a separable controversy as to any of them, although at common law the causes of action would have been severable and not joint. 1 C. J. pages 1073, 1074 and 1082, §§ 224, 239 et seq; 1 C.J.S., Actions §§ 77, 92; First Baptist Church of Taft v. Southern Mortgage Co., D.C., 39 F.2d 246; Pabst v. Roxana Petroleum Co., D.C., 30 F.2d 953; Lake v. Texas News Co., D.C., 51 F.2d 862.

In this case plaintiff has brought an action against defendants Seaboard Air Line Railroad Company, W. A. Smith and Frank J. Lorick, to recover damages alleged to have been caused by the wrongful acts of the defendants. It is alleged in the complaint that these acts were joint and concurrent acts of the defendants. The complaint may be construed as an action for damages resulting from acts in pursuance of a conspiracy among the defendants. If so, it is still a joint cause of action. Plaintiff has chosen to stand upon the allegations of his complaint. If he is entitled to sue the defendants as joint tort-feasors, and has a good cause of action against them as such, he is entitled to present his cause and have his damages assessed upon such joint cause of action as here presented. I may not pass upon the sufficiency of the allegations as upon demurrer or upon motion to dismiss for failure to state a cause of action, since I am limited solely to the question of jurisdiction. If it should be held by the state court that the allegations are not sufficient to sustain a charge of joint liability against all three defendants for damages resulting from the acts alleged in the

978

complaint, it would be the prerogative of the state court to dismiss upon demurrer, and not the prerogative of this court. So far as this court is concerned the plaintiff has elected to say, "I am founding my action against three joint tortfeasors, two of whom are residents of the same state as myself, and I do not choose to proceed against the defendants for any several liability. All the acts complained of were and are joint and concurrent."

■ In the instant case certain wrongful acts are alleged to have been committed by the resident defendants, agents of their co-defendant, and certain other wrongful acts are acts for which the Seaboard Air Line Railroad Company alone is alleged to be responsible. The theory of the complaint, however, is that all these separate wrongful acts were cooperative and concurrent and united in bringing about the injuries for which damages are claimed.

In the case of Pendleton v. Columbia Ry., Gas & Electric Co., 133 S.C. 326, 331, 332, 131 S.E. 265, 267 the Supreme Court of South Carolina said: "That a single injury, which is the proximate result of the separate and independent acts of negligence of two or more parties, subjects the tort-feasors, even in the absence of community of design or concert of action, to a liability which is both joint and several, is a proposition recognized and approved in this state and supported by the great weight of authority elsewhere. * * * Since the liability of such tort-feasors is both joint and several, it is well settled that the law gives to the injured party the option of suing two or more of the parties liable jointly; that is, as defendants in one action, or of suing each upon his several liability in a separate action. And since the injured party's right to join two or more alleged tort-feasors in one action may be sustained only upon the theory of joint liability, when a plaintiff joins two or more alleged wrongdoers as parties defendant in one action, such joinder in itself necessarily implies that he has elected to treat his injury as a joint tort, and to recover upon the theory of joint liability. Such election to sue upon the theory of joint liability logically involves

the relinquishment of the right in that action to raise a 'separable controversy' with any one defendant * * *." See also, Martin v. Norfolk & W. Ry. Co., 4 Cir., 43 F.2d 293.

It appears, therefore, that there is set forth a cause of action for damages alleged to have been caused by the wrongful acts of the defendants acting jointly and concurrently. Whether such allegations allege a cause of action for conspiracy, it is not for me to determine.

But the removing defendant contends that the complaint embraces a cause of action for breach of contract, separate and distinct from the joint cause of action? It is true that there are allegations in the complaint which allege a contract of employment. There are other allegations which allege that the defendants committed wrongs in connection with that contract, but the complaint no where asks for damages for a breach of the contract. On the contrary the complaint asks for damages for personal injuries, alleged to have been caused by acts committed in violation of plaintiff's rights.

■ As stated by the Supreme Court in the case of Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L. Ed. 1069: "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. 'The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. "The *thing*, therefore, which in contemplation of law as its *cause*, becomes a ground for action, is not the group of *facts* alleged in the declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince."* ' Chobanian v. Washburn Wire Company, 33 R.I. 289, 302, 80 A. 394, 400 (Ann.Cas.1913D, 730)."

It is a familiar canon of construction that a construction of a pleading is to be preferred where reasonably possible which will give effect to all of its material allegations. In the words of a leading case, the court in passing on such issue, must look to "the substance of the entire pleading." It will not do "to take words used in one part of the complaint, and, by separating them from the context and considering them without reference to the complaint as a whole, to draw from them an inference favorable to the defendant's theory, which is opposed to the one deduced from a reading of the whole complaint, and the one which the pleader evidently had in mind in framing it."

Nor will the existence of a contractual relationship between parties preclude an action for tort. If it appears that a tort constitutes the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence of a breach of contract. The allegation by the plaintiff of contractual relations with the defendant does not necessarily make the action one upon contract, for these matters are often properly joined by way of inducement preliminary to an allegation of facts constituting a tort. Stated somewhat differently, the allegations as to a contract are frequently purely incidental to the cause of action sued on, and referred to, not for the purpose of founding a right to recover for the breach of the contract, but merely as an incident, though a necessary incident, to the commission of the tort claimed to be charged. See, Good v. Hartford Accident & Indemnity Co., D.C., 39 F.Supp. 475, 481, 482, and cases cited therein.

I am convinced that the allegations relating to the contract were merely incidental to the joint cause of action alleged in the complaint, and in no way intended to set up a contract or any cause of action for its breach.

Judged by the standard outlined in the cases herein cited, and looking to the substance of the entire pleading, it seems to me that the present action is a joint action ex delicto against all three defendants, and that there is no separable controversy as to the defendant Seaboard Air Line Railroad Company.

For the reasons stated, the motion to remand must be granted, and it is so ordered.