**SMITH v. WALDEMAR et al.**

**Civ. No. 541.**

United States District Court
E. D. Tennessee, Northeastern Division.

June 16, 1949.

Harry L. Garrett, Kingsport, Tenn., for plaintiff.

Penn, Hunter, Smith & Davis, Kingsport, Tenn., for defendants Franklin Cole and F. M. Crockett.

Cox, Taylor, Epps, Miller & Wilson, Johnson City, Tenn., and Bandy & Bandy, Kingsport, Tenn., for defendant Jack Waldemar.

DARR, District Judge.

Plaintiff and one of the defendants have moved separately to remand this cause to the state court from which it was removed by the other two defendants, and the two removing defendants have moved that the third defendant be made a party defendant here. All of the defendants are non-residents of Tennessee.

[1] In the Court's opinion the cause was improperly removed and must be remanded. A declaration has not been filed, but the summons shows that the three defendants are being sued jointly and severally "in an action for damages for personal injuries and hospital and medical expenses, arising out of a collision of automobiles * * *." A single occurrence giving rise to a cause of action in which the three defendants are being sued as joint tort-feasors is indicated. In that situation, removal requires the joinder of all of the defendants in the removal petition. This was the rule prior to adoption of the new code provisions, Title 28 U. S.C.A. § 1441 et seq. Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34; Johnson v. Marsh, D.C., 49 F.Supp. 137; Barfield v. Southern Ry. Co., D. C., 47 F.Supp. 684.

Many other decisions are to the same effect.

Language of new Title 28 indicates that the rule as to joinder of defendants in the removal petition remains unchanged. Section 1448 contemplates that causes will sometimes be removed before all of the defendants have been served with process. A defendant subsequently served may move to remand the cause, thus presenting the issue of whether the cause could properly have been removed without his joinder. The necessary inference is, that if he had been served with process along with the other defendants and the cause was not removable without his joinder, he could have prevented removal by his non-joinder in the removal petition. There would seem to be no difference in principle between the two situations.

Under section 1441(c) there is room for inference that in the situation therein stated less than all of the defendants might remove. But there is no joinder of a removable to a non-removable claim or cause. The cause, based upon a single claim, is wholly removable. Nor does the instant case present the familiar problem of distinguishing between separate and separable controversies. In Tennessee a plaintiff has his option of proceeding jointly or severally against joint tort-feasors. Moore v. Chattanooga Electric Ry. Co. et al, 119 Tenn. 710, 109 S.W. 497, 16 L.R.A., N.S., 978; Swain v. Tennessee Copper Co., 111 Tenn. 430, 433, 78 S.W. 93; Railroad v. Jones, 100 Tenn. 512, 45 S.W. 681. Removal on the theory of separability would be an abridgement of that option. A plaintiff may sue joint tort-feasors severally, but he cannot be forced to do so. Cincinnati N. O. & T. P. Ry. Co. v. Bohon, 200 U.S. 221, 26 S.Ct. 166, 50 L.Ed. 448, 4 Ann.Cas. 1152; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147.

Since adoption of new Title 28, September 1, 1948, few decisions on questions of removability have been published. No case directly in point has been cited, and none has been found. Inasmuch as under the old statute the necessity of joinder of all defendants sued on a joint cause of ac-tion was so thoroughly established, and the new statute has not specifically changed the rule, the Court concludes that joinder in removal by all of the defendants is necessary in the present instance.

The cause will therefore be remanded. Let an appropriate order be prepared.