**LADY'S ISLAND BUILDERS, INC.,**
Petitioner,

v.

**EIGHTH BEAUFORT MCAAS QUARTERS, INC., Albert Gersten and Associates and R. R. McLarty, Respondents.**

Civ. A. No. 6864.

United States District Court
E. D. South Carolina,
Charleston Division.

Aug. 11, 1959.

Levin & Sams, T. Reeve Sams, Beaufort, S. C., for petitioner.

Harvey & Harvey, W. Brantley Harvey, Beaufort, S. C., for respondent R. R. McLarty.

WYCHE, District Judge (sitting by designation).

The above case is before me upon motion of the plaintiff to remand the cause to the Court of Common Pleas for Beaufort County.

This case was removed to this court upon the petition of the defendant R. R. McLarty, a resident of Georgia, upon the ground "that the Complaint states a separate and independent claim or cause of action against Petitioner, (R. R. McLarty) which would be removable if sued upon alone".

The petition of the plaintiff filed in the State Court seeks the foreclosure of a mechanic's lien under the South Carolina statute, Code 1952, § 45–251 et seq., over property of the defendant Eighth Beaufort MCAAS Quarters, Inc. and asks for a deficiency judgment against the removing defendant R. R. McLarty.

The removing defendant R. R. McLarty contends that plaintiff should have brought the action against him upon a surety bond filed by him and claimed to be under the provisions of the South Carolina mechanic's lien statute.

I may not pass upon the sufficiency of the allegations of the complaint as upon demurrer or upon motion for involuntary dismissal for failure to state a cause of action, since I am limited solely to the question of jurisdiction. If it should be held by the state court that the

plaintiff has incorrectly brought an action for foreclosure of a mechanic's lien instead of an action upon the bond, it would be the prerogative of the state court to dismiss upon demurrer, and not the prerogative of this court. So far as this court is concerned the plaintiff has elected to bring its action for the foreclosure of a mechanic's lien under the South Carolina statute over the property of the Eighth Beaufort MCAAS Quarters, Inc. and asks for a deficiency judgment against the removing defendant R. R. McLarty. Bachman v. Seaboard, D.C., 80 F.Supp. 976.

In a proceeding to foreclose a mechanic's lien, a non-resident defendant, who is alleged to be personally liable for a deficiency, cannot remove the cause from the state court on the ground that the controversy as to its personal liability is a separate and independent claim or cause of action, which would be removable if sued upon alone. Lewis v. Weidenfeld, C.C., 76 F. 145.

Furthermore, it is my opinion that the defendant Eighth Beaufort MCAAS Quarters, Inc., a Delaware corporation, is a necessary party to the action foreclosing the mechanic's lien over its property. It did not join in the removal petition.

It is well settled that all non-resident defendants must join in the petition for removal, unless a separate and independent claim under the removal statute, 28 U.S.C.A. § 1441 et seq., exists; and, if a separate and independent claim, under the removal statute, exists, all non-resident defendants, who are necessary parties to such controversy, must join in the removal petition. Hensley v. Green, D.C.S.C., 36 F.Supp. 671; Gjerde v. Thelander, D.C.N.D.Iowa, 294 F. 292; Chicago, Rock Island & Pacific Railway Co. v. Martin, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055; Whitcomb v. Smithson, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303; Gableman v. Peoria, D. & E. Railway Co., 179 U.S. 335, 337, 21 S Ct. 171, 45 L.Ed. 220.

For the foregoing reasons, it is my opinion that the motion to remand the above case to the Court of Common Pleas for Beaufort County should be granted, and

It is so ordered.